UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEW HAMPSHIRE JUDICIAL BRANCH, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 24-12626-FDS |

## ORDER OF TRANSFER

**SAYLOR, C. J.**

    Plaintiffs Andre Bisasor and Natalie Anderson have brought this action against the "New Hampshire Judicial Branch" (including its individual courts, departments, and judicial officers) and others, alleging that the defendants have violated their rights under the Americans With Disabilities Act, the Rehabilitation Act, and other federal laws with regard their pending appeal before the New Hampshire Supreme Court ("NHSC"). They are proceeding *pro se*.

    Plaintiffs have also filed a motion for a preliminary injunction to enjoin NHSC and its individual justices from denying their request for reasonable accommodations, dismissing their appeals, retaliating against plaintiffs for raising their concerns of discrimination, and engaging in other alleged judicial misconduct. For the reasons set forth below, the Court will order that this action be transferred to the United States District Court for the District of New Hampshire.

    The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue

statutes designate appropriate districts for each case. "[I]n most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.7 (2013) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Id.* at 56.

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the facts of this case as alleged, venue in the District of the Massachusetts is improper. Subsection (1) is inapplicable because some—if not all—defendants are not residents of Massachusetts. Subsection (2) does not support venue in the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims occurred in New Hampshire, not Massachusetts. And because venue exists in the District of New Hampshire, subsection (3) does not apply. In addition, based on the complaint, the Court has no reason to believe that it could exercise personal jurisdiction over all defendants.

Accordingly, pursuant to 28 U.S.C. § 1404, this action is hereby TRANSFERRED to the United States District Court for the District of New Hampshire.

**So Ordered.**

                                                    /s/ F. Dennis Saylor IV  
                                                    F. Dennis Saylor IV  
                                                    Chief Judge, United States District Court

Dated:  November 4, 2024