UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al.

# EXHIBIT 3
## FOR
## EMERGENCY MOTION FOR STAY /TRO

**Additional Further Email Exchange with AG Office Regarding Destruction of Records [to which the AG has not denied that they intend to destroy records]**

**And**

**Regarding AG Attorney Jennifer Ramsey Indicating/Suggesting that the NHSC is or may be Biased Against Plaintiffs [and to which the AG Office has not responded or denied to this day]**

Re: Question | Case No. 2021-0604, Natalie Anderson v. New Hampshire Professional Conduct Committee et al.

From: Andre Bisasor (quickquantum@aol.com)

To: anthony.j.galdieri@doj.nh.gov; samuel.rv.garland@doj.nh.gov

Cc: bmoushegian@nhattyreg.org

Date: Thursday, December 26, 2024 at 04:19 PM EST

Can someone please confirm that you all received the below? -Andre

On Wednesday, December 25, 2024 at 10:47:43 AM EST, Andre Bisasor <quickquantum@aol.com> wrote:

p.s. Actually, I also want to follow-up on the ADA accommodations issue for the viewing of the 2016 ADO records pertaining to Donais. It is evident that the NH supreme court's 12-24-24 non-precedential order on the 2021-0064 case does not address the issue of the ADA accommodations that are attendant to this matter. It seems to me that there should be no destroying of any ADO records in this matter because of the pending ADA accommodations issue. As you know, I have been concerned about preservation of records for some time now and I have been assured several times that there would be no destruction of records, (which also included such representations by the AG office in Judge Tempe's court as a defense against issuance of temporary restraining orders, etc.). Hence, at this juncture, I would like to get your take on where things stand with the ADA accommodations that was presented by the AG office, in terms of the following:

1) In my prior exchanges with Jennifer Ramsey, she insisted that my agreement to the proposed joint agreement on remote viewing via the box.com (as presented by the AG/ADO), would not make the records available to me until or unless there was a court order approving the joint agreement (in response to a joint motion prepared and filed by the AG in court), or something to that effect. Do you still insist on granting ADA accommodation only if there is a concomitant court order?

2) Furthermore, in my last conversation with Jennifer Ramsey by phone (prior to her leaving the job earlier this year), she, in response to a question I asked, told me that it would be best to ask the trial court (i.e., Judge Temple), and not the NH supreme court. She seemed pretty certain that asking the NH supreme court was not an option she wanted to pursue or believe would be best, because she did not believe it would be favorable, (i.e. she did not believe that the NH supreme court would approve the joint agreement for remote viewing as an ADA accommodation due to my disability), and that the trial court (Judge Temple) was more likely to grant/approve the order for the joint agreement on remote viewing as an ADA accommodation.

[NB: This discussion with her included a number of points which will be too much to get into here for this email inquiry. I can go into more detail about this at a later time].

In response, I expressed concerns to her that going to Judge Temple would result in any approved order being tied up because the intervenor would appeal to the NH supreme court and thus, I would not get the records that way, and thus it would result in a trap for me. In other words, the requirement of a court order would only result in appeal, and thus in me NOT getting the records, and so it was toothless and ineffective.

[NB: I asked Jennifer, that given the opposition to the joint motion on remote viewing by the intervenor that had been made known to her, if she also knew or discussed whether the intervenor planned to immediately appeal any order of the trial court approving the matter, and she indicated that she did not discuss with intervenor's counsel whether he would appeal. She indicated she knew he would oppose the joint motion in

1/27/25, 12:37 PM                    AOL Mail - Re: Question | Case No. 2021-0604) Natalie Anderson v. New Hampshire Professional Conduct Committee et al.

Case 1:24-cv-00369-JL-TSM   Document 21   Filed 01/27/25   Page 3 of 4

trial court. However, it should be noted that it does not take much to infer that the intervenor will appeal any favorable order granting the joint motion, given the opposition to the motion and given the history of contentious appeals by the intervenor surrounding this matter].

The bottom line is that the requirement of a court order was tantamount to a neutralization of the very ADA accommodations being offered. Jennifer ultimately did not deny this.

[NB: This has been a concern that I also have expressed on other aspects of this matter where I keep being told that I have the option to view the documents when I really had no such real, effective or plausible option. For example, I was told previously, years ago during the pandemic, that I could only physically come to the office to view the files, only to find out that there was some other restriction imposed, making it not possible for me to come to the office to view the records, because of certain legal maneuvers or other conditions imposed by the ADO or PCC, etc. For example, the PCC tied up or blocked the access to my physically viewing the records, from the Fall of 2020, i.e., in or around when the first right to know case was first filed (in Merrimack superior court). This was purportedly due to the need for resolution of pending court cases. Then at some point in the year of 2022, the ADO and PCC suddenly decided (without any resolution of any court case that I filed) that I could now come and view the files physically, but I was never told me about this, until some time after the PCC granted annulment of the records after 5 years of time elapsed (from 2017), when the intervenor requested it. [NB: This appeared to be an orchestration of a series of tactical, legal, and timing maneuvers designed to trample my right to view the records.]. And then when I began prosecuting a second right to know case in Judge Temple's court in Hillsborough county, then at some point thereafter was I told that an ADA accommodation of remote viewing could be granted but only with a court order, knowing that this would result in more appeals by the intervenor, thus leading to the current situation and conundrum.].

So, my question is this: Are you still insisting on the requirement of a court order before granting access as an ADA accommodation? Is there any way to provide the documents without requiring a court order (which order will be appealed by the intervenor and thus which appeal will delay or frustrate the access to the records)?  Jennifer indicated something about that the ADO believes that the PCC is requiring that the ADO first get a court order before giving access to the records. Is this correct? If so, why is the PCC requiring this? Why does the ADO think the PCC is requiring that? The disability accommodation was requested in the fall of 2020. I was promised access to the records from then if I had simply come to the office physically in 2020 (but I could not because of my disabilities). Why does an ADA accommodation request from 2020, require a court order in order to be given access to the records?  Imagine if every entity covered by the ADA insisted that a disabled person get a court order before granting the ADA accommodation. That would turn the ADA laws on its head. Are you all going to really allow a situation where I never get access to the records due to these technicalities and maneuvers that ultimately will rob me of the right to view the ADO records?  Can you look into whether this is really required and if there is no other way?

I know Jennifer has since left the AG office since my last conversation with her.  Do you think that her requirement of a court order, or her understanding of such requirement, is still required for me to get any access at all to the records?

3) I also told Jennifer that I may file a federal court action in order to get relief under the ADA because I felt (or was concerned) that I was being setup to be outmaneuvered again, as a pro se little guy, by all these powerful array of NH state governmental and private influential well-connected interests in NH. I had asked Jennifer if it would work better to ask a federal court instead (as that way the intervenor could not use an appeal to game the situation). I also asked this because it was clear to me that Jennifer she did not believe it was best to ask the NH supreme court. But I got the impression from her response that she did not have an answer to the federal court question, or otherwise that she may have to get back to me on that. However, I did not hear back from her on that before she departed the AG office not so long thereafter. Now that a recent federal case has been filed that implicates or includes this issue, would it be feasible to ask the federal court for approval of the court order if a court order is still being required?

1/27/25, 12:37 PM                    AOL Mail - Re: Question | Case No. 2021-0604) Natalie Anderson v. New Hampshire Professional Conduct Committee et al.

Case 1:24-cv-00369-JL-TSM    Document 21    Filed 01/27/25    Page 4 of 4

4) NB: It should be noted that in addition to pursuing federal court action, I reserve the right to appeal to the US supreme court which should further prevent any contemplation of destruction of records, which I am still concerned about. If there is any plan to destroy records, please let me know when this will be or with sufficient advance notice prior to the destruction, so that I can bring it to the attention of the federal court asap.

I look forward to your reply.

Sincerely,
Andre Bisasor

On Tuesday, December 24, 2024 at 01:34:31 PM EST, Andre Bisasor <quickquantum@aol.com> wrote:

Dear Anthony and Sam,

Sorry to email right before Christmas, but in light of the NH Supreme Court notice that just dropped today for Case No. 2021-0604, I am reaching out to you to confirm that the 2016 ADO records/documents pertaining to Donais, that are at issue, will b e preserved and not be destroyed until both of the following are resolved: a) all reconsideration periods and motions to reconsider are resolved, and b) all pending federal court litigation that implicates this matter and the ADO/PCC, is resolved.

I am also seeking an extension on the time to file a motion to reconsider in Case No. 2021-0604, given, among other things, that today is Christmas eve, tomorrow is Christmas, and we are in the middle of the Christmas holidays/new year holidays period. Will you assent?

Please let me know asap.

Sincerely,
Andre Bisasor