UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE BISASOR and <br> NATALIE ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> NEW HAMPSHIRE JUDICIAL <br> BRANCH, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Docket No. 1:24-cv-00360-NT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFF'S EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER AND STAY OF
NEW HAMPSHIRE SUPREME COURT PROCEEDINGS**

On January 27, 2025, the Plaintiffs filed an "Emergency Motion for Temporary Restraining Order and Stay of New Hampshire Supreme Court Proceedings" ("**Emergency Motion**") (ECF No. 20), asking me to stay a case pending before the New Hampshire Supreme Court. The predicate case in New Hampshire "involves important right-to-know issues and right to public access constitutional issues." Compl. at ¶ 21. The Plaintiffs are presently appealing the ruling of the lower court to the New Hampshire Supreme Court. *See Andre Bisasor v. Brian Moushegian & a.*, No. 2023-0520. The New Hampshire Supreme Court dismissed the appeal because the Plaintiffs failed to file an appellate brief by a September 6, 2024 deadline. Compl. at ¶ 76. The Plaintiffs' deadline to file a motion for reconsideration of that dismissal order is January 27, 2025.

The Plaintiffs allege in the case before me that the New Hampshire Supreme Court's denial of their requests for extensions of time, page limits, and sealing

violated their rights under the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution. Their Emergency Motion asks me to stay the appeal pending in the New Hampshire Supreme Court by close of business today, the same day they filed their Emergency Motion, and the same day their motion for reconsideration is due.

The Emergency Motion does not comply with the District of New Hampshire Local Rules, which set page limits and margin, font, and spacing limits on motions. N.H. Local R. 7.1(a) and 5.1(a). While these are technical requirements, there is a basis for them. The average number of words on a double-spaced, properly margined-page written in 12-point font is 250 words per page. The Plaintiffs' motion is easily double the length of a motion that conforms with the Local Rules, and it is based on the similarly formatted 78-page complaint that the Plaintiffs filed. In order to effectively rule on the Plaintiffs' motion, I would be required to read a hundred single-spaced pages, a near impossibility given the short time requested for a ruling.

"A temporary restraining order ('TRO') is . . . an extraordinary remedy which must be granted "sparingly and only in cases where the need for extraordinary equitable relief is clear and plain." *Tirrell v. Edelblut*, No. 24-cv-251-LM-TSM, 2024 WL 3898544, at *1 (D.N.H. Aug. 22, 2024). An emergency motion for a temporary restraining order, such as this one, is decided after hearing only one side of the case. In order to prevail on such a motion, the Plaintiffs must demonstrate four things: (1) that they are likely to succeed on the merits; (2) that absent the relief requested they

will suffer irreparable harm; (3) that the balance of equities tips in their favor; and (4) that a temporary restraining order is in the public interest. *Id.* "When, as here, the defendants are government entities or officials sued in their official capacities, the balance of equities and the public interest factors merge." *Id.*

As to the first prong, the Plaintiffs must show that they are likely to succeed on the merits. Here, the Plaintiffs claim that they would succeed on the merits, but some of their own facts make me question that assertion. For example, the Plaintiffs assert that the New Hampshire Supreme Court violated the ADA by not allowing them a 60-day extension to file their appellate brief. Plaintiff Bisasor contends that his disabilities affect "his ability to prepare legal filings within standard timeframes." Compl at ¶ 30. But after his request for an extension was denied by the New Hampshire Supreme Court on August 27, 2024, the Plaintiff filed a 78-page, single-spaced complaint in this Court on October 15, 2024. The Plaintiffs have also not addressed the doctrines which require federal courts to stay out of state court cases. *See, e.g., Cruz v. Melecio*, 204 F.3d 14, 24 (1st Cir. 2000) ("From the standpoint of federalism and comity, there is something particularly offensive about hijacking a case that is pending on the docket of a state's highest tribunal."). It is not clear to me that the Plaintiffs have a likelihood of success on the merits.

As to the second prong, the Plaintiffs would also have to show irreparable harm. They claim that if the case is not stayed today, then they will have missed the deadline for filing a motion for reconsideration. I am troubled by the fact that the Plaintiffs have known about the impending deadline for reconsideration for weeks,

3

but only have provided their Emergency Motion on the day that their state court motion is due. They blame this Court for overlooking a motion to allow them to have e-filing access, but they do not explain why they couldn't have provided the pleading by email or mail.

This leads me to the third and fourth prongs, the balance of equities and public interest, which also weigh against granting the emergency relief the Plaintiffs request. As the First Circuit has explained: "We do not lightly grant emergency relief, especially where the ' "emergency" is largely one of plaintiff's own making' and the relief sought would interfere with processes on which many others have reasonably relied." *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 50 (1st Cir. 2021) (quoting *Respect Maine PAC v. McKee*, 622 F.3d 13, 16 (1st Cir. 2010)).

Here, the Defendants have yet to be served with the federal complaint, and they have not had an opportunity to respond to (let alone read) the Emergency Motion. In such circumstances, I cannot grant the Plaintiffs the extraordinary relief of an emergency injunction of state court proceedings. The Emergency Motion is **DENIED**. Once the Plaintiffs have effected service on the Defendants, the Court will schedule a conference with the parties to determine the future course of the case.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 27th day of January, 2025.