UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

**PLAINTIFFS' EMERGENCY/EXPEDITED MOTION TO RECONSIDER THE COURT'S ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND STAY**

1. Plaintiffs Andre Bisasor and Natalie Anderson ("Plaintiffs"), proceeding pro se, respectfully move this Court to reconsider its Order dated January 27, 2025, denying Plaintiffs' Emergency Motion for Temporary Restraining Order and Stay of New Hampshire Supreme Court Proceedings ("Emergency Motion"). This motion is filed pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1.

## I. INTRODUCTION

2. Reconsideration is warranted because the Court's Order was based on a misapprehension of key facts and overlooked crucial issues that materially affect the outcome of this motion. The Court's decision to deny the Emergency Motion without fully considering the merits of Plaintiffs' claims risks causing irreparable harm to Plaintiffs' fundamental rights and access to justice.

## II. LEGAL STANDARD

3. A motion for reconsideration is appropriate when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, or has made an error not of reasoning but of apprehension. Such motions are granted to correct manifest errors of law or fact, present newly discovered evidence, or prevent manifest injustice.

## III. GROUNDS FOR RECONSIDERATION

### A. Misapprehension of Procedural History and E-Filing Issues

4. The Court's Order overlooks critical procedural complications that directly impacted Plaintiffs' ability to file their Emergency Motion in a timely manner:

1

    a. <u>Multiple Court Transfers</u>: The case was transferred multiple times due to recusals, causing significant delays.

    b. <u>E-Filing Access Delays:</u> Plaintiffs' motion for e-filing access, filed on January 8, 2025, was overlooked due to a court error, preventing timely electronic filing.

    c. <u>Late Grant of E-Filing Access</u>: E-filing access was only granted on the afternoon of Friday, January 24, 2025, mere days before the critical deadline.

5. These factors demonstrate that the "emergency" was not of Plaintiffs' making, as the Court suggested, but rather the result of a series of administrative complications beyond Plaintiffs' control.

## B. Misunderstanding of ADA Accommodation Issues

6. The Court's Order fails to adequately consider the central role of ADA accommodations in this case:

    d. <u>Ongoing Denial of Accommodations</u>: The New Hampshire Supreme Court (NHSC) has consistently denied Plaintiffs' requests for reasonable accommodations, violating their rights under the ADA.

    e. <u>Impact on Appellate Rights</u>: The NHSC's refusal to grant accommodations effectively denies Plaintiffs meaningful access to the appellate process.

    f. <u>Confidentiality Concerns</u>: The NHSC's handling of Plaintiffs' medical information raises serious privacy issues.

## C. Overlooked Threat of Irreparable Harm

7. The Court's Order does not fully address the imminent and irreparable harm Plaintiffs face:

    g. <u>Record Destruction</u>: There is an immediate threat of destruction of crucial public records by the New Hampshire Attorney General's Office and Attorney Discipline Office.

    h. <u>Loss of Appellate Rights</u>: Without a stay, Plaintiffs risk permanent loss of their right to appeal in the state court proceedings.

    i. <u>Constitutional Violations</u>: The ongoing proceedings in state court threaten to violate Plaintiffs' constitutional rights to due process, equal protection, and access to courts.

### D. Misapplication of TRO Standard

8. The Court's application of the TRO standard overlooked key factors:

    j. <u>Likelihood of Success</u>: The Court's assessment of Plaintiffs' likelihood of success on the merits failed to fully consider the strength of their ADA and constitutional claims.

    k. <u>Balance of Equities</u>: The Order does not adequately weigh the potential harm to Plaintiffs against the minimal inconvenience to the state court of a brief stay.

    l. <u>Public Interest</u>: The Order overlooks the strong public interest in ensuring compliance with federal disability laws and protecting access to justice.

### IV. SPECIFIC POINTS OF MISAPPREHENSION BY THE COURT

9. The court's 1-27-25 order stated:

> "The Plaintiffs are presently appealing the ruling of the lower court to the New Hampshire Supreme Court. *See Andre Bisasor v. Brian Moushegian & a.*, No. 2023-0520. The New Hampshire Supreme Court dismissed the appeal because the Plaintiffs failed to file an appellate brief by a September 6, 2024 deadline. Compl. at ¶ 76. The Plaintiffs' deadline to file a motion for reconsideration of that dismissal order is January 27, 2025."

    a. The court misapprehended that the motion for stay/TRO is intended to apply to a different case (#2021-0604). This has a different procedural history and posture than the 2023-0520 case.

    b. The 2021-0604 case has Plaintiff Anderson as the plaintiff appellant. Plaintiff Bisasor is her non-lawyer representative. This is the first filed appeal regarding Right to Know/Right to public access pertaining to the ADO records of Craig Donais.

3

    c. The 2023-0520 case has Plaintiff Bisasor only as the plaintiff-appellant. This is a second filed case regarding Right to Know/Right to public access pertaining to the ADO records of Craig Donais.

    d. The history and procedural posture of these two cases are different.

    e. In case 2021-0604, the plaintiff for that case did not fail to file an appellate brief. A brief was filed timely in 2022.

    f. In case 2021-0604, there was no dismissal of the appeal.

    g. In the case 2023-0520, there was a dismissal of the appeal for failure to file a brief. The deadline to file that brief was August 27, 2024, that the court referenced in its order. But the court has confused the two cases. The dismissal of that appeal occurred on October 4, 2024. The deadline to file a motion for reconsideration of that dismissal order was October 15, 2024, not January 27, 2025. Again, the court has confused the two cases. For all practical purposes, the plaintiffs ask the court to put aside the issues with respect to 2023-0520 at this time and focus on the 2021-0604 case, for purposes of this emergency motion to stay/TRO. Thus the entire basis for why the court is not sure the plaintiffs would not succeed on the merits is based on misapprehension of the facts and confusion of the two cases.

    h. In case 2021-0604, the case was not dismissed. An order on the brief was issued on 12-24-24. The issue is the ruling on the case to affirm a lower court decision regarding the right to know/right to public access claim and getting access to the public records for an attorney discipline matter for an attorney name Craig Donais.

    i. The Plaintiff's deadline to file a motion for reconsideration of the 12-24-24 order affirming the lower court decision on the record access issue was January 27, 2025.

4

    j. NB: The plaintiffs are not asking for an emergency stay on the 2023-0520 case at this time. That case has separate issues from the 2021-0604 case at issue in this motion to stay/TRO.

    k. NB: The plaintiffs apologize to the court if their pleadings have been unclear or contributed to the confusion of the court regarding the cases, etc. The plaintiffs ask the court for pro se leniency and liberal construction as mandated by the US supreme jurisprudence on pro se pleadings.

10. The court's 1-27-25 order stated:

> "Their Emergency Motion asks me to stay the appeal pending in the New Hampshire Supreme Court by close of business today, the same day they filed their Emergency Motion, and the same day their motion for reconsideration is due. The Emergency Motion does not comply with the District of New Hampshire Local Rules, which set page limits and margin, font, and spacing limits on motions. N.H. Local R. 7.1(a) and 5.1(a). While these are technical requirements, there is a basis for them. The average number of words on a double-spaced, properly margined-page written in 12-point font is 250 words per page. The Plaintiffs' motion is easily double the length of a motion that conforms with the Local Rules, and it is based on the similarly formatted 78-page complaint that the Plaintiffs filed. In order to effectively rule on the Plaintiffs' motion, I would be required to read a hundred single-spaced pages, a near impossibility given the short time requested for a ruling."

    a. Plaintiffs understand the court's point that it is difficult to read, digest and rule on all of the pleadings in one day. The plaintiffs apologize for this circumstance, some of which is outside of their control as will be noted further below. The plaintiffs could only do what they are able to do in the time that they can do it as pro se plaintiffs.

    b. As an amendment to the motion, plaintiffs ask the court to issue a proper ruling in the next day or two, or sometime this week as soon as possible.

    c. The plaintiffs filed a motion for reconsideration as a placeholder so that they did not miss the deadline but have accompanied it with additional accommodations requests under the ADA. Plaintiffs are not sure when the NHSC will issue a decision on the motion for reconsideration filed yesterday but if the court can rule on this motion to

        reconsider as soon as possible, after reading all of the pleadings, that will be greatly appreciated. If it can be done by tomorrow, that would be even more appreciated as time is of the essence and the plaintiffs do not want to suffer irreparable harm.

    d.  The plaintiffs do not know what else to do or how else to resolve this timing issue but any day now, the NHSC could issue adverse rulings against the plaintiffs including with respect to the pending ADA issues and the defendants could destroy records any time after that. The plaintiffs only know that after January 27, 2025, anything can happen thereafter to irreparably harm the plaintiffs.

    e.  NB: The plaintiffs searched the rules cited by the court and could not find any reference to margin or font requirements for pleadings. The only requirement is double-spaced and 20 pages. Could the court clarify whether the NH rules impose more than that? Or do the margin/font requirement pertain to Maine's rules? Plaintiffs are confused by this.

11. The court's 1-27-25 order stated:

> "An emergency motion for a temporary restraining order, such as this one, is decided after hearing only one side of the case. In order to prevail on such a motion, the Plaintiffs must demonstrate four things: (1) that they are likely to succeed on the merits; (2) that absent the relief requested they will suffer irreparable harm; (3) that the balance of equities tips in their favor; and (4) that a temporary restraining order is in the public interest. *Id.* "When, as here, the defendants are government entities or officials sued in their official capacities, the balance of equities and the public interest factors merge." *Id.* As to the first prong, the Plaintiffs must show that they are likely to succeed on the merits. Here, the Plaintiffs claim that they would succeed on the merits, but some of their own facts make me question that assertion. For example, the Plaintiffs assert that the New Hampshire Supreme Court violated the ADA by not allowing them a 60-day extension to file their appellate brief. Plaintiff Bisasor contends that his disabilities affect "his ability to prepare legal filings within standard timeframes." Compl at ¶ 30. But after his request for an extension was denied by the New Hampshire Supreme Court on August 27, 2024, the Plaintiff filed a 78-page, single-spaced complaint in this Court on October 15, 2024. The Plaintiffs have also not addressed the doctrines which require federal courts to stay out of state court cases. *See, e.g., Cruz v. Melecio*, 204 F.3d 14, 24 (1st Cir. 2000) ("From the standpoint of federalism and comity, there is something particularly offensive about hijacking a case that is pending on the docket of a state's highest tribunal."). It is not clear to me that the Plaintiffs have a likelihood of success on the merits."

    a.  The court certainly misapprehends the facts here.

b. First, the underlying ADA facts pertaining to this point are under seal and thus the court will not be able to understand the nature of the underlying facts (including the nature of the disabilities) without seeing the sealed information. It is unfair to judge the nature of the ADA issues without having this information. It is by no means a contradiction as the court surmises.

c. [NB: If the court would like to be informed of this further, then plaintiff request permission to file sealed documents to the court by email so that they can be expeditiously received while not being filed publicly via the efiling system.]

d. The 8-27-24 denial of the ADA requests to extend the timed file the brief by 60 days in case 2023-0520 is not really relevant to this emergency motion to stay/TRO.

e. The filing of this federal court complaint on 8-15-24 was two months (60 days) after the 8-27-24 date, which is the time plaintiff in that case requested to file the appellate brief. NB: The federal complaint was not filed by plaintiff Bisasor alone and the plaintiff also had assistance in preparing that filing. That in no way links back to plaintiff Bisasor who is the sole plaintiff in case 2023-0520. Moreover, the brief required to be filed in case 2023-0520 involved thousands of pages of appendix, and required painstaking citation to that voluminous record, as well as had strict formatting requirements for which the brief would be stricken if every technicality was not complied with, and the brief could not go over the strict word limit.

f. If anything, this demonstrates that if plaintiff had been granted the 60 day extension, they would have been able to meet the requested deadline.

g. The 60 day extension was based on special ADA issues that had recently developed and that required medical treatment over a 10 week period, which was documented by medical professionals.

    h. The court is not correctly understanding the sequence of the facts nor the underlying issues here.

    i. The core issue for the court is to consider in the best light possible, with a pro se liberal construction and leniency, the statements made by the plaintiffs, and to credit as true that the NHSC has denied several ADA requests in violation of the ADA. The plaintiffs are not lawyers and are not expert pleaders of their causes. The plaintiffs ask the court to credit the plaintiffs' statements in the light most favorable to them.

    j. The critical facts here in this motion to stay/TRO is:

        a. The prevention of irreparable harm if the NHSC closes the case of 2021-0604 and issues mandate before the relevant ADA issues, which affect the fairness and rightness of closing the case, are resolved by this court.

        b. The prevention of irreparable harm if the defendants destroy records for which there will be no ability to retrieve said records if this court finds that the defendants violated the ADA by not making a valid reasonable accommodation to review the records remotely.

    k. These are the only two things that are driving the urgent request for relief right now.

12. The court's 1-27-25 order stated:

> "As to the second prong, the Plaintiffs would also have to show irreparable harm. They claim that if the case is not stayed today, then they will have missed the deadline for filing a motion for reconsideration. I am troubled by the fact that the Plaintiffs have known about the impending deadline for reconsideration for weeks, but only have provided their Emergency Motion on the day that their state court motion is due. They blame this Court for overlooking a motion to allow them to have e-filing access, but they do not explain why they couldn't have provided the pleading by email or mail."

    a. The court again has misapprehended the facts.

    b. The plaintiffs did not know of the deadline for reconsideration for weeks as stated by the court above. They only knew of it as January 10, 2025. The procedural history has been

confused by the court. Also, there are a lot of things that were going on that the court is not aware of. Its hard for the plaintiffs to cover every detail or anticipate every question the court might have.

c. The plaintiffs were not saying that they would miss the deadline for filing a motion for reconsideration in case 2021-0604. They are saying that in order to file a proper motion for reconsideration, they need an accommodation under the ADA, that they have or will be denied accommodation, and that after that deadline for filing the motion for reconsideration, the NHSC will deny either the motion for reconsideration once filed and then close the case, and then thereafter the ADO/PCC will destroy the documents, for which they have sought reasonable accommodation to access under the ADA by remote viewing.

d. The plaintiffs are asking for a temporary pause to allow proper evaluation of the plaintiff's reasonable accommodation requested with respect to the motion for reconsideration by this court, and to enjoin the defendants from destroying the public records that are at issue. Also, the plaintiffs seek a temporary pause because they are concerned that once the motion for reconsideration is affirmed, mandate will issue shortly thereafter, thus giving the defendants more grounds to argue that it is too late for this court to address some of the plaintiff's claims. If the plaintiffs' ADA claims are found to be valid, then this would affect how the remainder of the NHSC proceedings play out.

e. The plaintiffs are also asking for this court to address the constitutionality of the conflicted justices continuing to issue rulings that are ostensibly biased in the case, before the conflicted justices actually issue further rulings that could permanently

prejudice the plaintiffs' ability to obtain relief from the federal court even if the federal court would find its favor.

13. The court's 1-27-25 order stated:

> "This leads me to the third and fourth prongs, the balance of equities and public interest, which also weigh against granting the emergency relief the Plaintiffs request. As the First Circuit has explained: "We do not lightly grant emergency relief, especially where the ' "emergency" is largely one of plaintiff's own making' and the relief sought would interfere with processes on which many others have reasonably relied." *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 50 (1st Cir. 2021) (quoting *Respect Maine PAC v. McKee*, 622 F.3d 13, 16 (1st Cir. 2010))."

   a. Contrary to the suggestion above, this situation is not of plaintiff's own making. The court again misapprehends the facts.

   b. Plaintiff contacted the court requesting permission to email the pleadings. They were told by the clerk office that it cannot be emailed. It must be filed. The court evidently is not aware of the plaintiffs attempts to contact the court to obtain relief or the information that the clerk's office gave to the plaintiffs. See Exhibit 1 as an example of such communications.

   c. The plaintiff has had problems with delays in the mail and further expedited mail is cost prohibitive for the pro se plaintiffs. Moreover, the conventional filing takes days to be docketed and then to be transferred to the Maine court from New Hampshire. This occurred with the conventional filing of the 1-8-25 efiling access motion and extension of time motion.

   d. The plaintiff lives hours away from the court, in Massachusetts, which makes travel prohibitive and costly.

   e. The plaintiff also has ADA issues that make physically coming to the court prohibitive.

   f. The plaintiff learned of the deadline for the motion for reconsideration on January 10, 2025. This was after plaintiffs filed the motion for efiling and to extend time to serve

process (which was granted on 1-15-25 but the efiling motion was overlooked/not ruled on). This was about 14 days before January 24, 2025, when the court finally corrected the error regarding efiling access.

g. During that plaintiff had two surgical procedures and medical appointments, among other things. The plaintiff was relying on efiling access. When it became clear that none was forthcoming, the plaintiff contacted the clerk and sought resolution.

h. As shown in the Exhibit 1, if plaintiff had efiling access even as of 1-24-25, the plaintiff would have been able to efile the emergency motion on 1-24-25 which would minimally be 4 days before the deadline. However, the efiling motion was not ruled on until just the close of the court on Friday 1-24-25, and also the efiling access was not initiated by the IT department until after the close of the court.

i. In light of the above, it cannot be said that this was the plaintiff's own doing. That would be unfair. The court should take some responsibility for the error and the situation.

j. The court stated that it would need some explanation for why the plaintiff could not email or mail the pleadings. Such explanation has now been provided. Hopefully should be sufficient to address this issue.

k. Either way, the thrust of the imminent irreparable harm issue is created by the indications that the defendants intend to destroy the records at issue. At the very least, the court should temporarily enjoin the defendants from destroying the records.

l. Further, the imminent irreparable harm is created by the fact that the deadline was ordered on January 10, 2025.

m. The plaintiffs are not superhuman. Preparing a motion to stay/TRO, which is a complicated motion that must meet a high bar, requires time and effort and research. The plaintiffs are not lawyers, and do not earn a living like lawyers do, and in fact this

case does not even carry monetary damages so there is not even any damages payment to be expected from this case. This is a citizen statesman case, a public interest case, and the plaintiffs are advocating not only for their rights but for the rights of all similarly-situated persons. The plaintiffs further do not have a law office, or legal assistants or paralegals, to assist them. They have to make a living, put food on the table and attend to medical and family obligations. They cannot be expected to be able to with all speed like a 100 man law firm produce complex pleadings in short time, or to do so consistently as though they have nothing else to do or that this is all they should work on every day. The burden on pro se plaintiffs in federal court litigation is already demanding, much less for ones who have ADA issues.

n. The bottom line is this motion was ready to be filed in 2 weeks upon issuance of the deadline. This is not unreasonable nor does it constitute some kind of failure of diligence and effort by the plaintiffs.

14. The court's 1-27-25 order stated:

"Here, the Defendants have yet to be served with the federal complaint, and they have not had an opportunity to respond to (let alone read) the Emergency Motion. In such circumstances, I cannot grant the Plaintiffs the extraordinary relief of an emergency injunction of state court proceedings. The Emergency Motion is **DENIED**. Once the Plaintiffs have effected service on the Defendants, the Court will schedule a conference with the parties to determine the future course of the case."

a. The plaintiffs cannot serve the defendants without a summons from the court.

b. The plaintiffs have sought permission from the court to serve the defendants but the court has stated that it will delay providing the summons until after certain events take place.

c. The plaintiffs should not be barred from obtaining a temporary pause or stay because the defendants have not yet been served. This would be unfair.

    d. The prospect of a temporary pause to freeze and preserve the status quo is all that plaintiffs are asking for and this is not unreasonable. The court can set a TRO hearing in the next 2 or 3 weeks. This is insignificant in the larger scheme of things.

    e. Plaintiffs implore the court to err on the side of caution and to grant the benefit of the doubt for the pro se plaintiffs. The plaintiffs have pled adequate points and facts supporting at least a short temporary stay until a TRO hearing can be had.

    f. To be clear, the defendants have had an opportunity to read the complaint and motion for preliminary injunction as they have had a copy of these since October 15, 2024.

    g. Although the plaintiffs provide notice of this motion to the defendants concurrently with filing, the ex parte relief essentially requested herein should not be barred because the plaintiffs are asking to set a TRO hearing fairly quickly and this will not prejudice the defendants.

15. The court also mentioned that "the Plaintiffs have also not addressed the doctrines which require federal courts to stay out of state court cases". But this is not correct. Both in the emergency motion filed yesterday (and in the complaint), the plaintiffs spent considerable time and effort addressing such issues. There should be no doubt that this court has jurisdiction over this matter.

16. NB: the extraordinary circumstances of the judicial bias in the NHSC is confirmed by Jennifer Ramsey, a former AG attorney who recently departed from the AG office and was lead counsel on the 2021-0604 appeal. See Exhibit 3 to yesterday's motion. It is also seen as credible in light of the fact that the day after plaintiffs filed the federal complaint on 10-15-24, the AG announced the indictment of NHSC justice Anna Hanz Marconi for inappropriate conduct including refusing to recuse due to conflict among other things. This does not prove the point

necessarily but it puts it into context and perspective and adds credibility to the assertions of the pro se plaintiffs.

### V. CONCLUSION

17. There are many things that plaintiffs cannot clarify or explain in this filing due to time and space at this juncture. Also, there are further things that will be clarified after the complaint is amended. For now, plaintiffs ask the court to do the best it can to try to understand the issues being presented by the pro se plaintiffs.

18. For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its Order denying the Emergency Motion, fully examine the merits of Plaintiffs' claims, and grant the requested temporary restraining order and stay of state court proceedings.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 1-28-25

1/28/25, 10:09 AM
AOL Mail - RE: Urgent Request for Assistance from the Clerk of the Federal Court of Maine under the ADA | Andre Bisasor | 1:24-c…

Case 1:24-cv-00360-NT-JCN    Document 23    Filed 01/28/25    Page 15 of 17

# RE: Urgent Request for Assistance from the Clerk of the Federal Court of Maine under the ADA | Andre Bisasor | 1:24-cv-00360

From: MED_Joint ECF Inbox (maineecfintake@med.uscourts.gov)

To: quickquantum@aol.com

Date: Friday, January 24, 2025 at 02:58 PM EST

Mr. Bisasor,

This case is assigned to the District of New Hampshire and managed in New Hampshire. Should you have any filing questions or concerns you should contact the Clerks Office in NH for assistance.

All filings must be submitted to the District of New Hampshire. The motion for leave to file electronically has been forwarded to the Judge for review and you will be notified by the District of New Hampshire once action has been taken on that motion.

Julie W. Rodrigue, District Operations Supervisor
U.S. District Court
202 Harlow St., 3rd floor
Bangor, ME  04401
(207) 945-0575 x 6421

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, January 24, 2025 2:20 PM
**To:** Christa Berry <christa_berry@med.uscourts.gov>
**Cc:** MED_Joint ECF Inbox <MaineECFIntake@med.uscourts.gov>
**Subject:** Urgent Request for Assistance from the Clerk of the Federal Court of Maine under the ADA | Andre Bisasor | 1:24-cv-00360

**CAUTION - EXTERNAL:**

Dear Clerk of Court Ms. Christa Berry (or ADA clerks Kevin Eames or Melody Dalphonse):

I am writing to you as the pro se plaintiff in case 1:24-cv-00360, currently assigned to the District of Maine, from the District of NH. I urgently need your assistance with several critical matters:

**Emergency Motion Filing:**

1/28/25, 10:09 AM
AOL Mail - RE: Urgent Request for Assistance from the Clerk of the Federal Court of Maine under the ADA | Andre Bisasor | 1:24-c...
Case 1:24-cv-00360-NT-JCN    Document 23    Filed 01/28/25    Page 16 of 17

I need to file an emergency motion for a stay or a Temporary Restraining Order (TRO) today. This motion requires a ruling by close of business on Monday, January 27, 2025, as the stay or TRO must be implemented by Tuesday, January 28, 2025, at the lower court's opening. Additionally, there are crucial tasks that must be completed just before midnight on January 27, 2025.

**E-Filing Access:**

On January 8, 2025, I filed a motion for e-filing access along with a motion for an extension of time to serve process.

But no ruling was made on the motion for efiling. I called the court and was told that there was an error or oversight as the motion for efiling was attached to the back of the motion to extend time and thus was not ruled on. Thus, while the extension was granted on January 15, 2025, the e-filing motion was overlooked as it was attached to the back of the extension motion. This oversight is causing significant difficulties as follows:

a) I reside in Massachusetts, hours away from the court.

b) I have a disability that impedes my ability to physically come to the court.

c) I cannot continue to arrange for hand-delivery of filings.

Also, without efiling access, I cannot file the emergency motion today, which is prejudicing me, due to no fault of my own but in part due to the oversight or error of the court.

**Special Accommodation Request:**

Given these circumstances and under the Americans with Disabilities Act (ADA), I am requesting a **special one-time accommodation to submit my emergency motion via email to your office.** This would allow the motion to reach the judge on an emergency basis while we resolve the e-filing access issue.

**Case Transfer Complications:**

As this case was transferred to Maine due to the full recusal of the New Hampshire federal court (see attached order), there may be delays in transmitting emergency motions. This creates a bottleneck situation where there will likely be delays in transmitting emergency motions to the Maine court. This situation adds to the urgency of my request. Again, I need the motion to be given to the judge on an emergency basis as soon as possible.

**Previous Attempts to Resolve:**

I have spoken with Judge Torresen's case manager about the e-filing motion and the urgency of my situation. However, I was unable to get assistance regarding my other concern. I spoke to the case manager for Judge Toreesen, who is the assigned judge to this case, and the case manager said she would speak to the magistrate about the efiling motion. But she was not helpful regarding the other questions that I had, and

1/28/25, 10:09 AM  AOL Mail - RE: Urgent Request for Assistance from the Clerk of the Federal Court of Maine under the ADA | Andre Bisasor | 1:24-c…

Case 1:24-cv-00360-NT-JCN    Document 23    Filed 01/28/25    Page 17 of 17

refused to even tell the magistrate that I need the efiling motion allowed urgently allowed because I have an emergency motion to stay that I need filed right away and ruled on by latest Monday.

I kindly request your immediate attention to these matters. The ability to file this emergency motion today (or by latest at the open of court on Monday 1-27-25), is crucial to my case, and the current situation is prejudicing me through no fault of my own.

NB: I need a ruling by 1-27-25, again at least by the close of the court or as long as the court can issue an order and let me know the same day or night or evening on 1-27-25.

Please advise on how we can proceed to ensure the emergency motion is filed and considered by the judge as soon as possible. I am available to provide any additional information or documentation you may need.

Thank you for your prompt attention to this urgent matter. You also may call me at my number 781-492-5675 if that is feasible or simpler in terms of responding to this email or finding a resolution to this matter.

I look forward to your urgent reply.

Sincerely,

Andre Bisasor

Pro Se Plaintiff, Case No. 1:24-cv-00360

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.