## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE BISASOR and<br>NATALIE ANDERSON,<br><br>          Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE JUDICIAL<br>BRANCH, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>) Docket No. 1:24-cv-00360-NT<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S EMERGENCY/EXPEDITED MOTION TO RECONSIDER THE COURT'S ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND STAY**

The Plaintiffs have filed an Emergency/Expedited Motion to Reconsider the Court's Order Denying Emergency Motion for Temporary Restraining Order and Stay. Yesterday, the Plaintiffs' Emergency Motion for Temporary Restraining Order requested a ruling within six hours of the time they filed their lengthy motion, and, critically, the Defendants had not been afforded an opportunity to respond.

Today's Motion for Reconsideration indicates that I misunderstood the Plaintiffs' situation in several ways that strike me as immaterial to the ultimate conclusion that the Plaintiffs have not met their burden of showing that they are entitled to the extraordinary relief afforded by a temporary restraining order issued without notice to the opposing parties.[1] "Ordinarily, a motion for reconsideration is

---

[1] "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts

appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). "A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see them his way." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted).

The motion for reconsideration is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 28th day of January, 2025.

---

made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added).