UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

## [AMENDED] PLAINTIFFS' MOTION TO EXTEND THE TIME [STATED IN THE COURT'S 1-15-25 ORDER] TO AMEND THE COMPLAINT

1. Plaintiffs Andre Bisasor and Natalie Anderson, proceeding pro se, respectfully move this Court to extend the time to amend the complaint, as noted in the Court's 1-15-25 order. In support of this motion, Plaintiffs state as follows:

2. On 1-15-25, the Court granted Plaintiffs' motion to extend time to serve process on Defendants, setting a deadline of 4-11-25. The court also stated that we could amend the complaint by 2-5-25[1].

3. Plaintiffs need additional time to amend the complaint. These circumstances include ADA issues, the complexity of the case, and administrative challenges that have impeded our ability to proceed efficiently, among other things, as outlined below.

4. The complexity of this case, involving multiple defendants & intricate legal issues spanning federal disability law, constitutional rights, and state court procedures, requires careful consideration and thorough research to ensure our amended complaint adequately presents our claims.

5. As the Court is aware, there have been administrative delays & hurdles in the case due to the case being transferred multiple times. Additionally, there was an oversight in granting our motion for e-filing access, which was only resolved on 1-24-25.

6. Further, we believe it is crucial to take into account recent developments in the state court, some of which we tried to bring to this court's attention this past week, and to review the implications of the Court's recent rulings (regarding our emergency motions) as it may relate to any amendment of the complaint. These developments are directly relevant to our claims and should be reflected in the amended complaint to ensure a comprehensive presentation of the current issues.

---

[1] NB: The magistrate judge also issued an order regarding filing fee setting a deadline of 2-4-25. It should be noted that the plaintiffs intend to meet this deadline by 2-4-25 by paying the fee.

7. We are also seeking clarification on several procedural matters, as outlined in our letter to Chief Judge Lance E. Walker dated 1-29-25. These clarifications are essential to aid in properly preparing an amended complaint and to navigate the federal court process effectively.

8. It is important to note that under the Federal Rules of Civil Procedure, it's our understanding that we're entitled to amend our complaint once as a matter of course without permission from the Court or other parties, after defendants are served. However, the current requirement, noted by the magistrate judge, that we should amend the complaint before service, effectively shortens the time afforded to us by the rules. This places an undue burden on us as pro se plaintiffs, especially given the complexity of our case and recent developments[2] in both state court and in this Court.

9. It should be further noted that, in our motion to extend time filed on 1-8-25, we specifically inquired about the rules for amending the complaint as it relates to timing. Instead of addressing this inquiry, the Court issued a deadline that is shorter than the deadline for serving the defendants as normally allowed under the rules. This compressed timeline does not allow us adequate time to seek legal counsel or representation, which we indicated in our motion was necessary for properly amending the complaint.

10. [NB: When we filed that motion to extend time to serve process on the defendants, our intent was that we would amend the complaint after service of process and thus that amendment would occur after 4-11-25. In fact the part of the rationale for seeking time to serve the defendants was so that we had time to amend the complaint and seek assistance of counsel. The compressed timeline defeats that purpose].

---

[2] It should be noted that the NH Supreme Court did act adversely by closing the 2021-0604 within two days after the January 27, 2025 deadline, as predicted by plaintiffs and for which plaintiffs were trying to preserve the status quo on. The plaintiffs will show in the amended complaint that this development was an unjust and biased, and also violated plaintiffs' rights. However, on an additional note, the plaintiffs are in discussion with the AG office regarding the records at issue and regarding possible resolutions of certain concerns. These appear to not have been destroyed at this time.

11. This compressed time also doesn't allow adequate time to properly assess or incorporate recent developments into an amended complaint.

12. Ultimately, the amendment of the complaint is critical to our case and is essential for clarifying our claims. Given the complexity of the issues involved and the length of the original complaint, amending our 78-page complaint is not a simple task. [NB: This point was underscored by Judge Toressen when she indicated the difficulty in reading, digesting and analyzing over 100 single-space pages in a short period of time.].

13. This requires careful consideration of the numerous factual and legal issues, as well as incorporating updates and amendments that have arisen since the original filing.

14. As pro se litigants, we face significant challenges in preparing and amending such a complex legal document. Unlike attorneys, we don't have the benefit of a law office, legal assistants, or paralegals to assist us in this process. We must balance our efforts to pursue this case with our need to earn a living, attend to our health needs, and manage our daily responsibilities. The burden on pro se plaintiffs in federal litigation is already demanding enough, much less for those with ADA issues.

15. This brings us to another point. As indicated in our previous filings, we are dealing with ADA issues that require some accommodation under the ADA. We are awaiting instructions from the court on how to submit ADA requests under seal to the court in order to provide the underlying basis for the need for accommodation (as requested in the letter to the chief judge filed on 1-29-25). Time is evidently needed by the court and by us to address/resolve these issues.

16. In light of the above, we respectfully request that the Court clarify or relax the requirement imposed by the magistrate judge (on 1-15-25) that we amended the complaint before serving the defendants. Given that Judge Torresen has already reviewed the case and has issued certain orders on the case (**including the procedural order that once the defendants are served, the court will schedule a conference**, which may suggest that prior requirement stated by the magistrate

judge is no longer in effect), we believe service of process should be allowed to occur first and then allow the normal timeline under the rules for amending the complaint post-service (and where jurisdictional issues can be determined in the normal course after defendants have responded to the complaint).

17. Furthermore, considering the time utilized over the past two weeks to resolve the motion for e-filing access and the attendant court error (i.e. delayed ruling), to address the motion to stay and reconsider, and to request/await clarification on issues outlined in our letter to the chief judge, we respectfully request that the Court grant an extension of time.

18. Granting extension wouldn't prejudice the Defendants, as they've not yet been served, and the Court has already extended the service deadline to 4-11-25. An extension would, however, allow us to more fully/accurately present our claims, serving the interests of justice & judicial economy.

19. We respectfully submit that there is good cause for granting this extension.

20. Furthermore, as pro se litigants, it's our understanding that we are entitled to some degree of leniency in procedural matters. The Supreme Court has held that pro se pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers" (Haines v. Kerner, 404 U.S. 519, 520 (1972)). Granting this extension would be consistent with that principle and would ensure that we have a fair opportunity to present our case.

21. WHEREFORE, Plaintiffs respectfully request that this Court:

    A. Grant an extension of the current deadline to file an amended complaint, consistent with the rules[3], until 21 days after service of the complaint, or no later than May 2, 2025[4];

---

[3] The relevant part of Federal Rule of Civil Procedure 15(a)(1) states: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it".

[4] This date is 21 days after the 4-11-25 deadline to serve and thus is the latest date under the rules that the complaint can be amended in accordance with the rules and the current service deadline.

4

B. Provide clarification, where possible, on certain of the procedural matters outlined here, to assist us in properly preparing our submissions;

C. Provide an order on this motion before the current deadline expires; and

D. Grant any other relief this Court deems just and proper under the circumstances.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: February 3, 2025