To: The Federal Court of Maine
156 Federal Street, Portland, ME 04101
Case Name: Bisasor et. al v. New Hampshire Judicial Branch et. al
Case No: 1:24-cv-00360

# UPDATE TO
## LETTER TO THE CHIEF JUDGE OF THE FEDERAL COURT OF MAINE

Dear Chief Justice Lance E. Walker,

This is a brief update to the letter[1] written to you on 1-29-25. Since that time, several things have become no longer necessarily urgent in terms of being an emergency pursuant to the motions filed last week.

The NH Supreme Court has closed the 2021-0604 case within 3 days after the noted 1-27-25 deadline, which was among the urgent concern of the plaintiffs. Because this event has occurred, then a good portion of the items in the 1-29-25 letter to you and in the emergency motions last week, are no longer urgent. These issues/developments will be incorporated into an amended complaint[2] at a later time. Also, the AG office is currently communication with plaintiffs regarding the preservation of the records, for which there was concern about destruction. These do not appear to have been destroyed at this time and it is possible there might be some resolution regarding the above concerns and attendant issues. Thus, the immediate urgent concern may have been alleviated at this point in time. Further developments will likely also be incorporated into an amended complaint, among other things, at a later date. Therefore, as it stands right now, there is no longer an urgent emergency situation because either adverse events have already occurred or events are occurring that may have (at least temporarily) alleviated the urgency.

Hence, I am writing to update you that your addressing these emergency concerns are no longer necessary at this point in time. Each item in the original letter that sought your assistance on emergency matters are no longer necessary at this time. I presume that any developments can be taken up by the court in the ordinary course.

The only thing that remains are the procedural clarification items below[3]:

> Pleading Requirements: In our motion for reconsideration, we asked about the specific local rules imposing margin and font requirements, as we were unable to locate them in the cited New Hampshire Local Rules 7.1(a) and 5.1(a). NB: The plaintiffs searched the rules cited by the court and could not find any reference to margin or font requirements for pleadings. The only requirement is double-spaced and 20 pages. We asked the court to clarify whether the NH rules impose more than that or do the margin/font requirement pertain to Maine's rules.

---

[1] NB: We are not sure if it is proper to write a letter to the Chief Judge but given that the ADA regulations provide that ADA issues can be directed to the head of the public entity, we assume that it is at least proper with respect to such issues. If there is any thing improper, please let us know.

[2] NB: The plaintiffs paid the filing fee today in compliance with the court's 1-14-25 order and have filed a motion regarding time to amend the complaint, which is pending. It should be noted also that there are numerous/several other further things that need to be incorporated into an amended complaint beyond the limited urgent issues that was presented in the emergency motions last week.

[3] Our concern about asking the judge on this case for clarification because of potential concerns of annoyance or exasperation by the judge, is still applicable.

This clarification remains unaddressed. We thus would like to clarify the pleading requirements for our case. Given that the case was transferred from New Hampshire and is now being overseen by a Maine federal judge, we are uncertain which local rules apply. Could you please provide guidance on this matter?

<u>Sealed Information</u>: We need guidance on how to properly present sealed materials for the Court's consideration, especially regarding ADA accommodation issues. We need clarification on the procedure for providing sealed information. Are we allowed to email such sealed pleadings to the court? If not, what is the proper procedure for submitting confidential information?

<u>ADA Accommodations:</u> We need clarification on how to seek ADA accommodations from the court. What is the process for requesting and obtaining such accommodations? NB: As the head of the court, it is our understanding that ADA letters can or should be directed to the administrative head of the public entity, which in this situation ostensibly is the chief judge of the court. See 28 C.F.R. § 35.164 ( *the decision…must be made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity and must be accompanied by a written statement of the reasons for reaching that conclusion.*).

<u>Pro Se Treatment/Leniency:</u> We seek confirmation that our pro se pleadings will be treated with liberal construction and leniency, as mandated by Supreme Court jurisprudence. Will the court apply less stringent standards to our filings compared to those expected of lawyers? NB: The concerns about treatment of pro se litigants (and the intersections with implicit bias and ADA) as outlined in the excursus in Exhibit 1 attached to the original letter, are still relevant/ applicable, and we would still like these to be reasonably addressed where possible.

<u>Administrative Bottlenecks</u>: As this case was transferred to Maine due to the full recusal of the New Hampshire federal court, there has been or may be delays in transmitting motions between the two courts. This creates a potential bottleneck situation where there will likely be delays in transmitting emergency motions to the Maine court. We would like clarification on how to address such potential bottlenecks due to the transmittals needed between the two courts. Also, if we have a deadline that is coming up, how much time in advance of the deadline, do we need to provide a motion affecting that deadline such as an extension of time, so that there is adequate time for the court to review, rule on it and docket it. This has come onto our radar as an issue that might affect us in the future. Similarly, we would like to know how long should we expect for it to customarily take for a motion to be ruled on.

Thank you for your time and consideration. We look forward to your guidance on these matters.

Respectfully,
Plaintiff Andre Bisasor
Date: 2-4-25