UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

## **PLAINTIFFS' RENEWED [EMERGENCY] MOTION FOR EXTENSION OF TIME TO AMEND THE COMPLAINT [OR IN THE ALTERNATIVE EMERGENCY MOTION FOR RECONSIDERATION OF COURT'S 2-5-25 ORDER]**

1. The plaintiffs respectfully submit this renewed motion for extension of time to amend the complaint prior to the Court's review of subject matter jurisdiction or in the alternative emergency motion for reconsideration of the Court's order dated 2-5-25, dismissing as moot our amended motion to extend the time to file an amended complaint. In support, plaintiffs state the following:

### **I. INTRODUCTION AND PROCEDURAL BACKGROUND**

2. On 1-15-25, this Court issued an order granting our motion to extend time to serve process on the defendants, setting a deadline of 4-11-25. In that same order, the Court stated that we could amend our complaint by 2-5-25. On 1-31-25 and 2-3-25, we filed a motion and amended motion, respectively, seeking to extend time to file an amended complaint, and clarification on several procedural matters, requesting additional time to prepare a comprehensive amended complaint.

3. On 2-4-255, we filed a notice to the Court regarding the payment of the filing fee and the pending amended motion to extend time. In this notice, we informed the Court that we had paid the filing fee in compliance with the Court's 1-14-25 order, provided an update to a prior letter to the Court, and sought a ruling on our amended motion prior to the expiration of the 2-5-25 deadline.

4. On 2-5-25, this Court issued/docketed an order dismissing as moot our amended motion to extend the time to file an amended complaint, stating that its previous order setting a deadline for filing the amended complaint "was not intended to limit Plaintiffs' ability to amend their complaint in accordance with Federal Rule of Civil Procedure 15." The Court further stated that it would review the existing complaint to determine whether we have alleged an actionable claim within the Court's subject matter jurisdiction.

1

5. Because the Court dismissed the plaintiffs' amended motion to extend time to amend the complaint as moot and because we are not sure of the ramifications of the Court's declaring the amended motion moot, the plaintiffs thus hereby file a renewed motion in order to ensure that it is clear that the issues and relief being sought are not moot. To extent applicable, in the alternative, the plaintiffs reserve the right to frame the renewed motion also as a motion for reconsideration in order to make clear the connection to the prior motion that was dismissed as moot. As pro se, we are not sure which is best to do or if both can be done. If only one can be done, then we opt to present this motion as a renewed motion so as to preserve all rights.

## II. GROUNDS FOR RENEWED MOTION

6. When we filed our original motion to extend time to serve process on 1-8-25, our intent was to amend the complaint after service of process, which would occur after 4-11-25. Part of our rationale for seeking time to serve the defendants was to allow us time to amend the complaint and seek assistance of counsel. The Court's compressed timeline defeats this purpose and fundamentally misunderstands our intent.

7. The plaintiffs would like to clarify that their intent to amend the complaint includes amendments that go towards the jurisdiction question. The jurisdiction question is a highly technical issue that requires careful pleading of the elements that go towards that consideration. If the Court reviews the original complaint, without allowing the plaintiffs to first amend the complaint, then that would be potentially prejudicial to the plaintiffs. As the Court is aware, amendments are also intended to cure potential or actual defects in an original complaint. By dismissing the amended motion to extend time to amend the complaint, then it deprives the plaintiffs of their right to be meaningfully heard and to fully present their case for consideration regarding jurisdictional issues. By requesting additional time to amend the complaint on 1-31-25 and 2-3-25, plaintiffs did not anticipate the court would remove their ability to amend complaint prior to jurisdictional review.

8. The Court has today explained that: "*The Court's order setting a deadline for the filing of the amended complaint was not intended to limit Plaintiffs' ability to amend their complaint in accordance with Federal Rule of Civil Procedure 15. Rather, the Court established the February 5, 2025, deadline for Plaintiffs to file their amended complaint if they wanted the Court to review the amended complaint, rather than their original complaint, when assessing whether they have alleged a claim within the Court's jurisdiction.*" But the plaintiffs did not know this is what the Court intended in its 1-15-25 order, nor did we know (nor could we have known), that by requesting additional time to amend the complaint (beyond the initial 3 week timeline ordered on 1-15-25), that it would result in removing our ability to amend the complaint prior to jurisdictional review. This is not be fair or right.

9. Thus, to be clear, we intend to amend the complaint including for jurisdictional review purposes. We intend to plead additional facts that go towards bolstering jurisdiction. We hereby ask for time and opportunity to do so, including time to consult legal counsel on these highly technical matters.

10. The plaintiffs, on 1-8-25, came to the Court in good faith seeking time to amend the complaint. The Court gave only 3 weeks' notice to do so. Yet, 3 weeks' notice seems somewhat arbitrary. It is not clear that this 3 weeks is tied to or based on some rule or statutory requirement. Therefore, it appears that the Court has discretion to allow more time to amend the complaint, prior to jurisdictional review. We again came to the Court in good faith on 1-31-25 and 2-3-25 expressing that the 3 week's timeline was not enough time and that we needed additional time. The bottom line is that the plaintiffs would like to amend the complaint before the Court undertakes jurisdictional review[1]. There does not seem to be anything in the rules that prevents this additional time to amend the complaint, as exemplified by the court's 1-15-25 order allowing an initial 3

---

[1] NB: This was referenced or alluded to in the amended motion to extend time to amend the complaint, in paragraph 16 stating: "we believe service of process should be allowed to occur first and then allow the normal timeline under the rules for amending the complaint post-service (and where jurisdictional issues can be determined in the normal course after defendants have responded to the complaint)."

3

weeks to do so. In fact, the rules seems to indicate that the Court should allow more time to afford plaintiffs a proper opportunity to amend the complaint before reviewing for potential dismissal.

11. If the Court is saying that the plaintiffs can amend complaint for jurisdictional review and then amend the complaint again after service, then the plaintiffs now understand that. But yet, that does not help the plaintiffs or provide relief to them. The purpose for seeking to amend the complaint after service, was not intended by the plaintiffs to stand on the original complaint for purposes of jurisdictional review. The original complaint was filed under stressful urgent circumstances at a time when a lot was going on. The original complaint also contains certain errors and defects that the plaintiffs need to correct before review. For example, the complaint filed was the same exact thing as the motion for preliminary injunction filed. Thus, the original complaint is missing certain pleading requirements in terms of a clear delineation of the causes of action. This needs to be corrected. Also, the pleading elements for jurisdiction needs to also be amended.

12. Also, we included certain facts and arguments in the recent emergency motions for stay/TRO (filed last week) that addresses some jurisdictional issues, that weren't contained in the complaint. This needs to be included in the amended complaint. To review the original complaint without allowing these items to be included in the amended complaint would prejudice the plaintiffs.

13. Also, because the complaint was first filed in Massachusetts, some of the jurisdictional elements of the complaint go towards focusing on Massachusetts. This is another reason why the plaintiffs need an opportunity to amend the complaint because the case has been transferred to NH (which has certain different rules and policies from Massachusetts). The overall posture of the pleading needs to account for that change in court and venue/jurisdiction. To deny the plaintiffs the opportunity to do so before the Court undertakes jurisdictional review would be a deprivation of due process and denial of fundamental fairness and ultimately a travesty of justice.

14. Furthermore, the plaintiffs paid the filing fee yesterday which ostensibly removes the heightened scrutiny that typically attaches to pro se "informa pauperis" based complaints. Also, the plaintiffs sought emergency TRO last week wherein Judge Torresen reviewed the case and ordered that after the defendants are served, the court will schedule a conference. Further, the case was first filed in Massachusetts, where the Chief Justice of that court reviewed the case and the claims before transferring to New Hampshire. The case has thus been reviewed at least twice by two different full federal court judges. None of them have stated that there appears to be subject matter jurisdiction issues. Either way, the point here is that we need to amend the complaint before any review for subject matter jurisdiction takes place. The plaintiffs cannot and do not want to stand on the original complaint. We thus ask the court to rescind its dismissal of the amended motion and/or otherwise allow us time to amend the complaint pursuant to this renewed motion.

15. Also, the plaintiffs have invoked the ADA as a basis for time to amend the complaint (See paragraph 15 of the amended motion to amend the complaint; see also page 1, and also see exhibit A, of the notice to the court regarding payment of filing fee and motion to amend the complaint, filed yesterday). The court has not addressed this issue. As pro se litigants dealing with disabilities, we are entitled to certain accommodations and considerations under the Americans with Disabilities Act (ADA) and related laws. The Court's order, by summarily dismissing our motion without addressing our requests for clarification and accommodation, potentially infringes upon our rights. By dismissing our motion as moot without addressing our concerns, the Court has potentially deprived us of this opportunity. Similarly, we have raised the need for clarification of certain procedural items in order to amend the complaint. The court hasn't addressed issues either.

16. As stated in the amended motion, the amendment of the complaint is critical to our case and is essential for clarifying our claims (including seeking to further firmly establish jurisdiction). Also as stated in the amended motion, amending our 78-page complaint is not a simple task as it

5

requires careful consideration of the numerous factual and legal issues, as well as incorporating updates and amendments that have arisen since the original filing.

17. While Rule 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or Rule 12(b) motion, this rule presupposes that service has already occurred. In our case, service has not yet been effected, and the deadline for service (April 11, 2025) is well beyond the 2-5-25 deadline initially set by the Court for amending the complaint. The Court's current approach effectively created a paradoxical situation where we were expected to amend our complaint before service, yet the rules governing amendments are predicated on the timing of service or responsive pleadings.

18. Moreover, the Court's statement that its order "was not intended to limit Plaintiffs' ability to amend their complaint in accordance with Federal Rule of Civil Procedure 15" is inconsistent with the practical effect of its ruling. By dismissing our motion as moot and proceeding to review the existing complaint, the Court is effectively forcing us to choose between our right to amend under Rule 15 and our right to have the most comprehensive version of our complaint reviewed for jurisdictional purposes. This approach is contrary to the liberal amendment policy embodied in Rule 15, which the Supreme Court has described as follows: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court's current ruling effectively circumvents this liberal amendment policy by creating an artificial deadline that is not grounded in the Federal Rules.

19. Thus, federal court jurisprudence requires liberality in allowing amendments to a complaint. To prevent the plaintiffs from amending the complaint to further establish jurisdiction, among other things, would be a fundamental miscarriage of justice, especially if it somehow results in dismissal.

20. The court's ruling essentially states that we should give up the right to amend the complaint prior to the court's undertaking of jurisdictional review and only amend the complaint after the court

6

has concluded its jurisdictional review, if the court does not dismiss it for lack of jurisdiction. But if the court dismisses the complaint for lack of jurisdiction, then the plaintiffs would not get a chance to amend the complaint at all. This seems like a Hobson's choice. When we requested time to amend the complaint, it was always with an eye towards preventing dismissal for technical reasons like jurisdiction. This is one of the most important things that a complaint of this nature has to do. It would be grossly unfair to not allow us a proper opportunity to amend the complaint to firm up jurisdictional elements of the pleading.

21. The court also stated today that: *"Given Plaintiffs' preference to amend the complaint after the defendants are served, the Court will review the existing complaint to determine whether Plaintiffs have alleged an actionable claim within the Court's subject matter jurisdiction. Plaintiffs, therefore, are not required to file their amended complaint by February 5, 2025. Plaintiffs' request to amend the complaint, if filed, will be governed by Rule 15."*

22. But this is no different from the 1-15-25 order in essence. The court has not granted any relief to the plaintiffs.

23. The 1-5-25 order stated: *"If Plaintiffs intend to file an amended complaint, Plaintiffs shall file the amended complaint on or before February 5, 2025. After February 5, the Court will review the amended complaint, if filed, or the original complaint, to determine whether Plaintiffs have filed an actionable claim within the Court's jurisdiction. If the Court determines that Plaintiffs have asserted such a claim, the Court will authorize service. Plaintiffs shall complete and file proof of service, if authorized, by April 11, 2025."*

24. So, the Court seems to be doing exactly what it said it would do in the 1-15-25, as it appears to be in effect treating the plaintiffs' motion to extend time to amend the complaint as a failure to file an amended complaint on or before 2-5-25, and thus will proceed to review the original complaint. Again, this is not fair and is prejudicial to the plaintiffs.

25. We understand that the magistrate judge is saying that he would like to review the original complaint and that courts can do so sua sponte before service or amendment, but the problem

7

here is that we have already put the court on notice that we would like to amend the complaint, and did in a timely manner, and we are also here making it abundantly clear that we need to do so in order to address jurisdictional issues. It would be unfair to proceed to force us to stand on the original complaint under these circumstances.

26. Moreover, it redounds to judicial economy for the court to allow the amendment of the complaint before jurisdictional review.

27. Furthermore, as pro se litigants, it's our understanding that we are entitled to some degree of leniency in procedural matters. The Supreme Court has held that pro se pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers" (Haines v. Kerner, 404 U.S. 519, 520 (1972)). Granting additional time would be consistent with that principle and would ensure that we have a fair opportunity to present our case. By holding plaintiffs to the original complaint, the court would essentially be holding plaintiffs' pro se pleadings to stringent standards.

28. By setting a compressed timeline for amendment and then dismissing our motion for extension without fully addressing our concerns, the Court may be inadvertently applying a more stringent standard to our case than would be applied to litigants represented by counsel. This differential treatment raises equal protection concerns that warrant careful consideration.

29. Similarly, the Court's characterization of our motion as "moot" is not correct. A matter becomes moot only when it no longer presents a live controversy or the parties lack a legally cognizable interest in the outcome. In this case, our interest in obtaining clarification on procedural matters and additional time to amend our complaint remains very much alive and legally cognizable.

30. The Court's statement that it will review the existing complaint to determine whether we have alleged an actionable claim within the Court's subject matter jurisdiction does not render our motion moot. On the contrary, it underscores the importance of allowing us adequate time and

opportunity to amend our complaint to ensure that it fully and accurately presents our claims before such a review takes place.

31. By proceeding to review the existing complaint rather than allowing us time to amend, the Court may be setting the stage for multiple rounds of review and amendment. This approach is likely to consume more judicial resources in the long run than simply granting our request for an extension. As the Supreme Court has noted, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).

## IV. CONCLUSION

32. We respectfully submit that there is good cause for granting the relief requested including additional time for amending the complaint prior to jurisdictional review.

33. The plaintiffs ask for a ruling today on an emergency basis prior to the expiration of the deadline ordered in the 1-15-25 ruling.

34. NB: The plaintiffs raised the need for extension on 1-31-25 in the original motion and again on 2-3-25 in the amended motion. The court issued its order today on the day of the deadline, which leaves little room to seek reconsideration or clarification, or any other relief pertaining to this issue.

35. The plaintiff would like to know, should the Court (magistrate judge) not grant the relief requested, do the plaintiffs have the right to object to the Court's order and if so, how much time is allotted to do so, and will there be any chance that the Court could undertake review of the complaint and issue a decision before the plaintiffs file their objection? Also, do the plaintiffs have the right to object to proceeding before the magistrate judge and if so, when and how can that be done? Does the Court need the assent of the plaintiffs for decisions to be made by the magistrate judge?

36. Also, will the Court address the clarification issues noted in the Notice to the Court filed yesterday?

## V. REQUEST FOR RELIEF

37. In light of the foregoing, we respectfully request that the Court:

   a. Grant our request for an extension of time to file an amended complaint, setting a new deadline that is consistent with the Federal Rules of Civil Procedure and takes into account the unique circumstances of our case. Specifically, we request that the deadline for filing an amended complaint be set to 21 days after service of the complaint on the defendants, or no later than May 2, 2025, whichever is later. In the alternative, set a time that is at least 60 days from the current date.

   b. In the alternative, reconsider its 2-5-25 order dismissing our amended motion to extend time as moot.

   c. In the alternative, schedule a hearing on this motion so that we, as pro se, can have a better chance of explaining orally why need the relief requested.

   d. Provide clear guidance on the procedural matters we have raised, including:

      i. The applicable local rules for pleading requirements, given the transfer of the case from Massachusetts to New Hampshire to Maine.

      ii. The procedure for submitting sealed information, particularly regarding ADA accommodation issues.

      iii. The process for seeking ADA accommodations from the court.

      iv. Confirmation of the court's approach to pro se pleadings and the application of the "less stringent standards" principle.

      v. Clarification on how to address potential administrative bottlenecks due to the case transfer between courts.

2. Provide an expedited order on this motion before the current deadline today expires.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

Dated: February 5, 2025                                      Email: liberty_6@msn.com