UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

**PLAINTIFFS' EMERGENCY REQUEST FOR ACCOMMODATION UNDER ADA IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO EXTEND TIME TO AMEND THE COMPLAINT**
**AND**
**PLAINTIFFS' MOTION TO STAY JURISDICTIONAL REVIEW OF COMPLAINT**

1. Plaintiffs respectfully submit this ADA request to the court for an extension of time to file an amended complaint, among other things, and request to stay jurisdictional review of the complaint.

## I. ACCOMMODATION SOUGHT

2. On 1-15-25, the court set a deadline of 2-5-25 for the plaintiffs to file an amended complaint prior to jurisdictional review by the court. On 1-31-25 & 2-3-25, we sought an extension of that deadline.

3. On 2-5-25, the court clarified that the plaintiffs could amend their complaint pursuant to Federal Rule 15, after the defendants are served, if they prefer to, but that the Court intends to undertake jurisdictional review of the original complaint for dismissal purposes as of now.

4. Plaintiffs have sought to clarify that one of the main purposes or reasons for seeking an extension of time to amend the complaint is to address, clarify, correct, firm up, and/or bolster the jurisdiction elements of the pleading, and that, thus, they need an opportunity to amend the complaint prior to the court undertaking jurisdictional review. Towards that end, plaintiffs are here formally seeking reasonable accommodation in the form of an accommodation of extension of time to file an amended complaint, prior to jurisdictional review by the Court, as outlined below.

## II. LEGAL STANDARD FOR ADA ACCOMMODATIONS

5. The Americans with Disabilities Act requires public entities, including courts, to make reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, unless doing so would fundamentally alter the nature of the service, program, or activity. U.S.C. § 12131(2). The Supreme Court has held that Title II of the ADA applies to state courts and requires them to provide reasonable accommodations to ensure access for

1

individuals with disabilities. Tennessee v. Lane, 541 U.S. 509, 533-34 (2004). In this case, the requested accommodation/extension of time, as articulated below, are reasonable and necessary to avoid discrimination based on disabilities. The extension doesn't fundamentally alter the nature of the court process but rather ensures equal opportunity to participate in the judicial process.

6. An extension of time is a recognized legitimate type of accommodation that is allowable under the ADA. ADA regulations provide that additional time is a specific accommodation envisioned by the ADA, in order to place persons with disabilities on equal footing. Petition of Rubenstein, 637 A.2d 1131, 1137 (Del. 1994) ("The regulations…specifically state that "[r]equired modifications…may include changes in the length of time..." 28 C.F.R. § 36.309(b)(2)…."The regulations implementing the ADA recognize additional time…as one of the specific accommodations"). See also D'Amico v. New York State Bd. of Law Examiners, 813 F.Supp. at 221("The purpose of the ADA "is to place those with disabilities on an equal footing..."").

7. There's no fundamental alteration to the nature of the court, by granting extension of time to file documents. Thus, this kind of request for accommodation is reasonable under the ADA.

8. As a disability accommodation request, an extension of time is an accommodation that prevents discrimination against those with disabilities so that they are not disadvantaged or prejudiced in court proceedings. The right to not be so prejudiced, disadvantaged or harmed because of a disability is a fundamental basic right under the law including the fourteenth amendment of the constitution and the Rehabilitation Act of 1973, the ADA. It should also be noted ADA issues/requests are to be broadly construed under the ADA and do not demand exacting analysis.

### III. GROUNDS FOR ADA ACCOMMODATIONS

9. Plaintiffs have medical/ADA issues that are in need of ADA accommodations with respect to an extension of time to amend their 78 page single-spaced complaint, prior to jurisdiction review by

the court[1]. In other words, these ADA issues affect time especially in terms of the preparation of lengthy complex documents such as the complaint in this case. These ADA issues are recognized under the ADA as requiring reasonable accommodations. However, these ADA issues involve confidential, private, sensitive medical information.

10. Also, as part of and endemic to this ADA request, we would like to submit confidential sealed information in support of this ADA request. Hence, we would like permission to submit confidential sealed information to the court, as well as instructions/clarification on how to do so. It's our understanding that part of the requirements of the ADA is that ADA procedures are to be made available/easily accessible to litigants and the public. If litigants do not know what the proper procedures are, they will be precluded from seeking relief, which is tantamount to denying them access to the court and infringes upon rights afforded under the ADA.

11. It should be noted that Plaintiffs have sought (or alluded to needing) clarification on ADA procedures in at least 5 filings now (see Docket for Docs. #25-29 as well as 32). The court has not addressed this issue. The plaintiffs are not sure if this is an inadvertent oversight or not. Either way, whatever the reason for this not being addressed by the court thus far, after 5 prior filings that raised or alluded to the issue, the plaintiffs are filing this ADA request so that the request is front and center, and so as to avoid the chance of it being overlooked.

## IV. GROUNDS FOR PERMISSION TO SEAL CONFIDENTIAL INFORMATION

12. It should be noted that the plaintiffs also intend to submit confidential ADA information as part of their amended complaint. In the recent rulings by the court on plaintiffs' emergency motions for stay/TRO filed last week, it was evident that the court misunderstood or was unaware of or confused by certain statements in the motions and/or in the complaint, including the nature of the ADA issues in the complaint. It appears that the court would have benefited from knowing

---

[1] See also the plaintiffs renewed motion to extend time to amend complaint filed yesterday (doc #32) which is hereby incorporated with this motion/request.

the underlying medical/ADA issues involved in order to better understand the claims. Towards that end, the plaintiffs would like to submit confidential medical/ADA information to the court in support of their amended complaint, including as it relates to further firming up the establishment of proper jurisdiction. NB: If the court does not know the underlying nature of the medical/ADA issues involved in the case, how can it properly assess the validity of the claims?

13. The basis for sealing is based on confidential medical information, which if disclosed publicly would impair the privacy interests attached thereto. Plaintiffs would like to protect their HIPAA rights of privacy and they shouldn't have to sacrifice medical information privacy in order to get relief under the ADA. Moreover, medical records/medical information are presumptively confidential, especially that which goes to support ADA requests.

14. Similarly, the ADA mandates strict confidentiality of medical information obtained in connection with ADA accommodations (42 U.S.C. § 12112(d)(3)(B)). See also the following:

    a. Courts have recognized the need to protect the privacy of litigants' medical information in ADA contexts (Doe v. Deer Mountain Day Camp, Inc., 682 F. Supp. 2d 324 (S.D.N.Y. 2010)).

    b. Disclosure of medical records obtained through the ADA modification process is prohibited by the ADA and the Rehabilitation Act. See 42 U.S.C. § 12112 ("B) information obtained regarding the medical condition or history…is treated as a confidential medical record"). See also 29 U.S.C. § 791 ("(9) Ensure that agencies' systems of recordkeeping track the processing of requests for reasonable accommodation and maintain the confidentiality of medical information received in accordance with applicable law and regulations").

    c. See also Doe v. U.S. Postal Service, 317 F.3d 339, 344 (D.C. Cir. 2003)("Such a result would run directly counter to Congress's purpose in enacting the ADA, which was, at least in part, to permit employers to inquire into employees' medical conditions in order to provide reasonable accommodations, while avoiding subjecting employees to the "blatant and subtle stigma" that

attaches to "being identified as disabled." H.R. REP. No. 101-485, pt. 2, at 75 (1990),…see also 29 C.F.R. pt. 1630 app. (section 12112(d) and accompanying regulations "permit employers . . . to make inquiries or require medical examinations necessary to the reasonable accommodation process"). Section 12112(d)'s confidentiality requirement balances these two competing interests by ensuring that the information disclosed pursuant to an employer's medical inquiry spreads no farther than necessary to satisfy the legitimate needs of both employer and employee. The Postal Service's theory would destroy that balance, returning employees to the very bind <u>Congress sought to avoid by enacting the confidentiality requirement</u>.")

d. Maintaining the confidentiality of medical information is considered part of the ADA request process. Sealing sensitive medical information is a common practice under the ADA. The ADA generally requires that medical information obtained during the accommodation process be kept confidential and maintained in separate files[2].

e. Disclosing an individual's disability or medical condition is considered to be discrimination, which the ADA aims to prevent.

## V. SUMMARY OF REQUESTED ACCOMMODATION

15. Therefore, the plaintiffs hereby request reasonable accommodation under the ADA, in asking the court to allow reasonable accommodation in terms of an extension of time to amend the complaint prior to jurisdictional review (so that they can address, clarify, correct, better plead jurisdictional issues in the complaint, among other things) AND in terms of allowing the plaintiffs to submit private, confidential medical information under seal to the court both for purposes of supporting this ADA request and for supporting claims in the amended complaint, AS WELL AS in terms of clarification of the ADA procedures that the plaintiffs are to utilize/follow in submitting this confidential information to the court under seal.

---

[2] The confidentiality requirements under Title I of the ADA for employers provide a useful analogy for how courts should handle such information, requiring that medical records be kept separate and confidential.

### **VI. GROUNDS FOR STAY OF JURISDICTIONAL REVIEW OF COMPLAINT**

16. The plaintiffs also move the court to stay any jurisdictional review of the complaint, until after the complaint is amended. As mentioned before, amendment of the complaint is critical to the right of the plaintiff to be heard, to their due process rights, to their equal protection rights, to their right to pro se liberal treatment of their pleadings, and to their right to fundamental fairness. No pro se plaintiff should be forced to stand on their original complaint for jurisdictional dismissal purposes when they have not previously amended their complaint, when the time to amend their complaint as allowed under the federal rules has not expired, and when they have strenuously requested in a timely manner that they need to amend the complaint to address jurisdictional issues, prior to jurisdictional review.

17. The plaintiffs are Massachusetts citizens and are strangers to New Hampshire and to Maine. They first filed their complaint in Massachusetts in which they believe they would get a fair shake of the review of their claims especially as pro se plaintiffs. Massachusetts, in general, tend to be more friendly to pro se plaintiffs and to acknowledge the rights of pro se plaintiffs, more than other courts. The rules of Massachusetts courts, both federal and state, tend to also be more accommodating of pro se plaintiffs especially including those without resources. As citizens of Massachusetts, we wanted this case to be heard in Massachusetts because we were concerned that in New Hampshire we would not get a fair shake. We also believed that Massachusetts would be keenly concerned about how its citizens are treated in or by other states such as neighboring ones like New Hampshire. We realized that New Hampshire justices would likely have to recuse from the case given the claims against a state court employee who recently became employed by the NH federal court; and that, thus, the case would likely have to transfer out of New Hampshire, and if so, Massachusetts was the best place for it to transfer to, because the plaintiffs are citizens

of Massachusetts. However, the New Hampshire court transferred the case to Maine[3], instead of back to Massachusetts. Now, we have no relation to Maine. We have never even been to Maine. We are complete strangers to Maine. And Maine is a complete stranger to us. We have no idea how we will be treated in Maine's courts. We understand that there is a widespread problem of courts across the country treating pro se litigants in a similar way, as noted by retired justice Richard Posner (see also excursus in Exhibit 1 to doc. #25 and 29). Because of these things, the plaintiffs would like to ensure they have a proper chance to present their amended claims to this court, that they are complete strangers to. Also, because we have no idea of the operations, customs, traditions, unspoken rules, expectations, etc., of this Maine court, as a result, we would like to ensure that we seek/obtain clarification on the procedures and attendant expectations of this court. We can't imagine that this would be seen as unreasonable.

18. The bottom line is that we do not want to be set up for failure. We need time to amend the complaint in order to ensure the best chance of surviving any jurisdictional review by the court. Moreover, in general, it's our understanding that jurisdictional review by the court is not necessarily required until or unless the defendants raise the issue in their response. The exception

---

[3] NB: Because of these two transfers and the recusal of the entire bench of the NH federal court, the case was not able to be moved forward at all (with no motions or rulings possible), until after the case settled in Maine and after we received notice in the mail about the transfer to Maine, which was around just before heading into the Christmas holiday period for 2024. After we received notice and shortly after the new year holidays, we sought e-filing permission and an extension of time to serve process on the defendants (which also included time to amend the complaint). This is the earliest we could have sought time to serve process (including to amend the complaint). The initial 90 day period to serve process on defendants was disrupted because the case spent a month in Massachusetts before transfer to NH in November 2024 and then spent another month in NH before transfer to Maine in December 2024. During this time, no summons was provided or able to be provided while the attendant administrative issues including transfers and recusals were being sorted out, and the plaintiffs could not seek efiling access or seek to file any motion until the administrative issues were sorted out. Thus, the 90 days to serve process should really start counting as of January 2025. But yet the motion to extend time to serve process was not ruled on until January 15, 2025 and the efiling access motion was not ruled by court error until at the close of business on 1-24-25. All of this has had an impact on us on pro se plaintiffs in terms of trying to navigate this case. In addition, because of new developments in the state court, we had to seek emergency relief to stay the state court case in order to preserve the status quo, so that we didn't incur irreparable harm and so that neither the court not the defendants could blame us for not seeking to stay the case, or not bringing it to the attention of the court, to prevent such harm. As a result, we, as of 1-31-25, were now able to turn our attention to seeking to extend the deadline to amend the complaint, including incorporation of new developments/events in the case as well as going back to correct/clean up potential defects or errors in the original complaint, including things that are critical to properly establishing jurisdiction in federal court.

to this point is if the court, on its own, notices some glaring obvious problem with subject matter jurisdiction on the face of it. Otherwise, it seems the proper course is to allow the defendants to raise jurisdictional issues and allow opportunity for jurisdictional discovery as necessary or just.

19. NB: The defendants may waive certain jurisdictional issues and this will not be known until they respond, though evidently subject matter jurisdiction cannot be waived in most instances. However, because subject jurisdiction analysis here will largely be a fact-intensive analysis, there are certain facts that the court cannot resolve until the court hears from the defendants. The court cannot construe or assume facts against the plaintiffs with respect to an original complaint, especially one that hasn't been allowed to be amended upon request to do so, and the court cannot assume or construe facts pled are not true, at this stage.

20. Here, if the court opts to undertake jurisdictional review in the early stages before the defendants are served or responds, the court is essentially engaging in a self-initiated motion to dismiss for subject matter jurisdiction. This puts the plaintiffs at a major disadvantage, structurally-speaking. Here, the issues of subject matter jurisdiction involves analysis of critical facts in conjunction with careful analysis of the manner in which certain legal principles are articulated in support of those facts. One example is the way in which extraordinary circumstances are required to be pled in order to support the use of Section 1983 claims as an exception to the anti-injunction act and the abstention doctrines. [NB: This court has subject matter jurisdiction on the face of it because the pleading of section 1983 claims, along with extraordinary circumstances, meets the basic threshold criteria for jurisdiction]. Furthermore, the articulation of debilitating bias, conflicts, or cronyism, of the state court defendants[4], as well as the unsuitability of the state court as a suitable forum to hear these claims, all hinge to one extent or another on the careful pleading and articulation of

---

[4] NB: Not all defendants are state courts or state court judges. Some defendants have nothing to do with a particular state court proceeding. Some are administrative employees of the administration of the judicial branch. Some are state government agencies, bodies or entities that are not courts at all, or their employees, and some also are non-state entities.

certain supporting facts that need to meet the concomitant criteria. This is not a straightforward thing in this case. It requires nuance and complex considerations.

21. Similarly, none of the claims in this case are, on the face of it, fantastical, incredulous or out of the realm of possibility. Also, any analysis of the validity of certain of the claims, including the ADA violation claims, will likely turn on the articulation of facts including but not limited to confidential facts that are under seal in the state court and that cannot be stated publicly in an amended complaint. The court's ability to get a good feel for the credibility of the claims will likely, at least in part, hinge on the court's knowing what the underlying medical issues are, that form the basis of our ADA claims. All of these things go towards jurisdictional review. Thus, it would be manifestly unfair to review or dismiss for want of jurisdiction without allowing amendment of the complaint. Too often cases are treated by some courts as a matter of a game of pleading skill, left to be won by those expert pleaders who are the best at arranging words on paper in just the right way. Here, as pro se, we are limited in our pleading skill. But we at least need an opportunity to plead our case and causes as best we can through at least one amendment of the complaint.

22. At a minimum, the court should stay jurisdictional review until after the plaintiffs 2-5-25 renewed motion for extension of time to amend the complaint, the plaintiffs' ADA request supporting request for extension of time (as submitted herein today), the plaintiffs' motion for clarification of procedural issues (as also accompanying this motion today), are fully resolved including any motions for reconsideration thereof or objection filed to the district court judge. A stay on the review for jurisdiction is important in order to prevent the request to amend the complaint prior to jurisdictional review from becoming potentially moot, and to prevent potential injury to our rights, while these pending issues are being resolved.

## VII. CONCLUSION

23. This is filed as an emergency because of the urgency created by the Court's 2-5-25 order, dismissing as moot our 1-31-25 and 2-3-25 motions to extend time to amend the complaint.

24. We request a hearing on this motion so that we can better explain orally why the requested relief is needed and to confidentially articulate the underlying confidential basis of this ADA request and the bases supporting the need for time to amend the complaint prior to jurisdictional review.

25. We humbly request pro se liberal construction of this pleading and that our words are not construed against us (i.e., if there are 2 ways to understand a statement by us, one that's more favorable and one that's less favorable, we ask not to choose the less favorable construction or not to construe our words tightly or rigidly against us, especially in order to deny relief. Please try your best to understand what we're trying to ask for, in a light most positive to us, and grant the benefit of the doubt where possible or needed.). NB: Not only does the law require liberal construction/less stringent standards for pro se pleadings but the ADA also requires broad construction of ADA requests.

26. Please grant this motion and the relief requested herein including granting an ADA accommodation in the form of an extension of time to amend the complaint, granting permission to seal confidential information with the court, clarifying ADA procedures, and staying jurisdictional review of the complaint until after amendment of the complaint or resolution of attendant matters, as articulated herein.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

/s/ Natalie Anderson
Natalie Anderson, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: February 6, 2025