UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

# EMERGENCY MOTION FOR CLARIFICATION OF CERTAIN PROCEDURAL MATTERS

1. Plaintiffs hereby formally move this Court to clarify certain procedural matters as follows:

2. It should be noted that Plaintiffs have sought (or alluded to needing) clarification on certain procedural matters outlined herein, in at least 5 filings now (see Docket for Docs. #25-29). The court has not addressed this. The plaintiffs are not sure if this is an inadvertent oversight or not. Either way, whatever the reason for this not being addressed by the court thus far, after 5 prior filings that raised or alluded to the issue, the plaintiffs are filing this motion, in the abundance of precaution, so that it is front and center, and so as to avoid the chance of it being overlooked.

3. The procedural clarification items are below:

   a. <u>Pleading Requirements</u>: The court last week cited margin and font requirements for pleadings by the plaintiffs. We then asked about the specific local rules imposing margin and font requirements, as we were unable to locate them in the cited New Hampshire Local Rules 7.1(a) and 5.1(a). [NB: The plaintiffs searched the rules cited by the court and could not find any reference to margin or font requirements for pleadings. The only requirement is double-spaced and 20 pages.] We asked the court to clarify whether the NH rules impose more than that or do the margin/font requirement pertain to Maine's rules, or otherwise where we can find these requirements. This clarification remains unaddressed. We would like to clarify the pleading requirements for our case. Given the case was transferred from NH and is now being overseen by a Maine judge, we are uncertain which local rules apply or where we can find those rules.

   b. <u>Sealed Information</u>: We need guidance on how to properly present sealed materials for the Court's consideration. We need clarification on the procedure for providing sealed information.

1

Are we allowed to email such sealed pleadings to the court? If not, what is the proper procedure for submitting confidential information?

c. <u>ADA Accommodations:</u> We need clarification on how to seek ADA accommodations from the court. See accompanying ADA request filed today.

d. <u>Pro Se Treatment/Leniency:</u> We seek confirmation that our pro se pleadings will be treated with liberal construction and leniency, as mandated by Supreme Court jurisprudence. Will the court apply less stringent standards to our filings compared to those expected of lawyers? NB: Concerns about treatment of pro se litigants (and the intersections with potential issues of implicit racial bias and ADA discrimination) are outlined in the excursus in Exhibit 1 attached to Docs. #25 and 29, and are incorporated herein by reference. We would like these issues to be reasonably addressed and to understand how the court will safeguard against such problems.

e. <u>Administrative Bottlenecks</u>: As this case was transferred to Maine due to the full recusal of the New Hampshire federal court, there has been or may be delays in transmitting motions between the two courts. This creates a potential bottleneck situation where there will likely be delays in transmitting emergency motions to the Maine court. We would like clarification on how to address such potential bottlenecks due to the transmittals needed between the two courts. Also, if we have a deadline that is coming up, how much time in advance of the deadline, do we need to provide a motion affecting that deadline such as an extension of time, so that there is adequate time for the court to review, rule on it and docket it. This has come onto our radar as an issue that might affect us in the future. Similarly, we would like to know how long should we expect for it to customarily take for a motion to be ruled on.

4. In addition to the above previously raised items for clarification, we have a few more items as well:

a. Are we allowed to seek clarification on court rulings, after reconsideration.

b. Are we allowed to file renewed motions, after reconsideration.

c. Are we allowed to write letters to the chief justice for certain administrative issues? Or is it improper? In particular, are we allowed to write a letter to the chief justice as head of the court, with respect to certain administrative issues regarding the ADA as referenced in ADA regulations? or do we misunderstand the ADA regulations?

  d. Are we allowed to object to proceeding with a magistrate judge? Is our assent needed for decisions to be made on our case by a magistrate judge? NB: This is required in Massachusetts.

5. In conclusion, we also request a hearing on this motion so that we can better explain orally why the requested relief is needed.

6. We humbly request pro se liberal construction of this pleading and that our words are not construed against us (i.e., if there are 2 ways to understand a statement by us, one that's more favorable and one that's less favorable, we ask not to choose the less favorable construction or not to construe our words tightly or rigidly against us, especially in order to deny relief. Please try your best to understand what we're trying to ask for, in a light most positive to us, and grant the benefit of the doubt where possible or needed.).

7. This is filed as an emergency because the clarification affects our ability to navigate this case.

8. WHEREFORE, Plaintiffs respectfully request that this Court provide clarification on certain of the procedural matters outlined here or grant any other relief this Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson, Pro Se
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: February 6, 2025