UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| ANDRE C. BISASOR, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:24-cv-00360-NT-JCN |
| | ) | |
| NEW HAMPSHIRE JUDICIAL BRANCH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiffs have made several filings related to procedural matters. Most recently, Plaintiffs filed a motion to extend the time for the filing of an amended complaint (Motion to Extend, ECF No. 32), a motion for clarification of certain procedural matters (Motion for Clarification, ECF No. 34), and a motion for accommodation in accordance with the Americans with Disabilities Act (ADA). (Motion for Accommodation, ECF No 33.)

**RELEVANT PROCEDURAL BACKGROUND**

On January 8, 2025, Plaintiffs asked the Court to extend the time to serve the complaint and summons upon the defendants. (Motion to Extend, ECF No. 16.) I granted the motion, extending the deadline to April 11, 2025. Because Plaintiffs expressed in their motion their intention to amend their complaint and because the Court intended to review the complaint to determine whether the Court had jurisdiction over the matter, I established a deadline for the amendment. (Order, ECF No. 18.) Plaintiffs subsequently filed a motion to extend the deadline as they intended to amend their complaint after service of the

defendants. I dismissed the motion as moot, explaining that the deadline was established only to the extent Plaintiffs wanted the Court to consider the amendment when assessing the jurisdictional issue. Otherwise, there is no deadline for the filing of an amended complaint. The Court noted that any request to amend the complaint would be governed by Federal Rule of Civil Procedure 15.

Plaintiff has filed another request to extend the time or, alternatively, for reconsideration of the order dismissing the motion to extend the deadline. Plaintiffs also ask the Court a series of questions in their motion for clarification and assert they do not consent to proceed before the magistrate judge. (Notices, ECF Nos. 35, 36.) Finally, in their motion for accommodation, Plaintiffs ask for an accommodation in the form of an extension of time to file an amended complaint, for leave to file confidential information under seal, and for a stay of the Court's review of any jurisdictional issues that their complaint might generate.

## DISCUSSION

Through their filings, Plaintiffs pose multiple questions regarding their case and the court process. While I will address some of the issues generated by Plaintiffs' filings, I note that the "Court cannot provide legal advice to litigants." *Glidden v. Franklin Cty. Probate/Family Court*, No. 10-cv-350-SM, 2010 WL 4916573, at *3 (D.N.H. Nov. 3, 2010).

### A.   Timing of Review of Jurisdiction Issues

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of

jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). Upon the filing of a complaint, therefore, the Court must assess whether it has jurisdiction over the matter. *See Cebollero-Bertran v. Puerto Rico Aqueduct and Sewer Authority*, 4 4th 63, 71 (1st Cir. 2021) ("[T]he court is obligated to dismiss a case sua sponte if it detects a jurisdictional defect."); *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"). Logically, the Court cannot authorize service if the Court lacks jurisdiction over the matter. As the Court noted in its order on Plaintiffs' motion for a temporary restraining order, because Plaintiffs' complaint seeks relief related to ongoing state court matters, the complaint raises a jurisdictional issue that the Court must assess. (See Order at 3, ECF No. 22 ("The Plaintiffs have also not addressed the doctrines that require federal courts to stay out of state court cases.")).

   **B.**  **Plaintiffs' Pro Se Status**

Plaintiffs ask the Court to construe their filings liberally given their pro se status. The Court will review Plaintiffs' complaint mindful of Plaintiffs' pro se status. However, "[w]hile pleadings from *pro se* plaintiffs are held to a more lenient standard than pleadings drafted by lawyers, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements. Despite the lenient standard applied to a *pro se* plaintiff's pleadings, the

court's jurisdictional requirements are not construed liberally, and the court is allowed no discretion to bend the requirements of jurisdiction in a *pro se* plaintiff's favor." *Stein v. United States*, 173 Fed.Cl. 714, 719 (2024) (citations and internal quotation marks omitted).

### C. Role of the Magistrate Judge

In accordance with 28 U.S.C. § 636, a district judge may refer this preliminary review to a magistrate judge for a recommended decision. 28 U.S.C. § 636(b). The parties' consent to the referral is not required. A party may file an objection to a recommended decision. Fed.R.Civ.P. 72(b). If a plaintiff can allege facts that address the deficiencies the magistrate judge identifies in the recommended decision, the plaintiff is typically allowed the opportunity to seek to amend the complaint.

Consistent with the process outlined herein, if I conclude that Plaintiffs' complaint is within the Court's jurisdiction, service would be authorized. If I were to conclude that the Court lacks subject matter jurisdiction over the Plaintiffs' claims, I would recommend the Court dismiss the matter unless Plaintiffs amend the complaint within the objection period to assert a claim within the Court's jurisdiction. Plaintiffs, therefore, would have an opportunity to address any jurisdictional issues identified by the Court before the matter would be dismissed.

### D. Request for Accommodation

As to Plaintiffs' request for an accommodation under the ADA, the ADA does not apply to the federal courts. *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). As one court recently explained:

4

> [C]ourts have found motions seeking reasonable accommodations under the ADA for federal court litigants to be 'totally without foundation and legal efficacy.'" *Hamilton v. Robb*, 2020 WL 1228077, at *2 (M.D. Pa. 2020). The ADA has 'no application in the context of excusing a pro se litigant from following statutory provisions, regulatory provisions, the Federal Rules of Civil Procedure and court rules, including the … Local Rules of Court, and court orders.' *Id*.

*McDowell v. McDonough*, No. 21-CV-00338 (JLS)(JJM), 2024 WL 4751692, at *2 (W.D. N.Y. Oct. 8, 2024).

I note, however, that as a matter of policy, federal courts attempt to accommodate disabilities when reasonable. *Kris v. Dusseault Fam. Revocable Tr.*, No. 18-CV-566-LM, 2019 WL 13139744, at *1 (D.N.H. Aug. 13, 2019). Accepting for purposes of the pending motions that Plaintiffs have a disability, because the deadline to amend the complaint was for a limited purpose, and because Plaintiffs can seek to amend the complaint as discussed above, to the extent Plaintiffs seek to extend the deadline and defer the Court's review of the jurisdiction issue until after service upon the defendants, an extension of time is not warranted.[1]

## CONCLUSION

Based on the foregoing analysis,

1. I deny Plaintiffs' motion for accommodation.

---

[1] The process by which the Court will assess the jurisdictional issue (1) allows Plaintiffs to avoid the need to file an amended complaint to address the jurisdictional issues if the Court were to conclude that Plaintiffs have stated a claim within the Court's jurisdiction and (2) permits Plaintiffs to address in an amended complaint the jurisdictional concerns that are identified if in a recommended decision, I conclude that the Court lacks jurisdiction over Plaintiffs' claim as alleged. The Court will also consider any amendment that Plaintiffs file while the Court is assessing the jurisdictional issue.

2. I deny the motion for an extension of time, including Plaintiffs' alternative request for reconsideration. Plaintiffs, however, may seek an amendment consistent with the governing rules and this order.

3. If Plaintiffs wish to file materials under seal, Plaintiffs may file a motion to seal in accordance with District of New Hampshire Local Rule 83.12.

4. Because I have addressed some of the issues raised in Plaintiffs' motion for clarification, I grant the motion in part.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of March, 2025.