UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| ANDRE C. BISASOR, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:24-cv-00360-NT-JCN |
| | ) | |
| NEW HAMPSHIRE JUDICIAL BRANCH, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiffs named fourteen individual and institutional defendants in their seventy-eight-page complaint based on the New Hampshire Supreme Court's denial of requests for extensions of time to file appellate briefs in two civil cases. (Complaint, ECF No. 1.) Plaintiffs allege that Defendants' actions violate Plaintiffs' rights under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution.

Upon review of the Plaintiffs' complaint, unless Plaintiffs file an amended complaint within this Court's subject matter jurisdiction, I recommend the Court dismiss the matter for lack of jurisdiction.

**DISCUSSION**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S.

at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). That is, issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).

Title II of the ADA[1] provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for a violation of Title II, a plaintiff must allege

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006) (quoting *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000)). There are three ways to establish discrimination: "disparate treatment, disparate impact, and failure to make reasonable accommodations." *Summers v. City of Fitchburg*, 940 F.3d 133, 138–39 (1st Cir. 2019). To prevail on a failure to accommodate theory, a plaintiff must show (1) a qualifying disability, (2) the defendant's actual or constructive knowledge of the disability, (3) a

---

[1] The analysis of claims under the ADA and Rehabilitation Act is essentially the same. *See Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) ("The ADA and the Rehabilitation Act generally are interpreted *in pari materia*.").

request for a specific accommodation that is both reasonable and necessary to allow the plaintiff an equal opportunity to use and enjoy the service, and (4) the defendant's refusal to make the requested accommodation. *Id.* at 139.

Although federal courts do not qualify as public entities for purposes of the federal disability discrimination statutes, *Clay v. Wall*, No. CV 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019), state courts are covered entities. *Turgeon v. Brock*, No. CIV. 94-269-SD, 1994 WL 803506, at *1 (D.N.H. Dec. 20, 1994). In some circumstances, such as when there is a physical barrier to access, a state judiciary's administrative decision or denial of an accommodation is not analytically different from a state executive branch agency. *See Tennessee v. Lane*, 541 U.S. 509, 513 (2004) (allowing a court reporter and a criminal defendant who were paraplegics to sue for inadequate wheelchair access to courthouses). In other circumstances, such as when the requested accommodation involves an application of the courts' rules within a specific case, a decision of a state court is distinguishable from the decision of an executive agency. Unlike the decisions of other state government agencies, state court judgments preclude federal courts from reconsidering the same issues. For example, in *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1 (1st Cir. 2004), the First Circuit noted that the *Rooker-Feldman* doctrine[2] and preclusion concepts likely barred a federal Title II ADA reasonable accommodation suit

---

[2] *See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

when the state supreme court had considered and rejected the claim while adjudicating the plaintiff's underlying state criminal case. *Id.* at 6–7.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257. The doctrine would potentially apply to Plaintiffs' statutory and constitutional claims.

Here, the injuries alleged in Plaintiffs' complaint result from the state court's prior judgment against Plaintiffs while considering and denying their request for an accommodation of additional time. In other words, Plaintiffs attempt "to overturn state court orders that were allegedly wrongful because they were the product of unlawful disability discrimination," which invites "this Court to assume the role of an appellate court vis-à-vis the state court rulings" in violation of the *Rooker-Feldman* doctrine. *Fishman v. Massachusetts Prob. & Fam. Ct.*, No. CV 23-12459-WGY, 2023 WL 7284868, at *2 (D. Mass. Nov. 3, 2023), *aff'd*, No. 23-2042, 2024 WL 2813931 (1st Cir. Mar. 21, 2024). Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, unless Plaintiffs file an amended complaint to allege a claim within the Court's subject matter jurisdiction, I recommend the Court dismiss the Plaintiffs' complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of April, 2025.