UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

**PLAINTIFFS' [EMERGENCY] MOTION TO EXTEND THE TIME TO FILE A MOTION FOR RECONSIDERATION OF OR AN OBJECTION TO THE MAGISTRATE JUDGE'S 4-8-25 REPORT AND RECOMMENDATION**

1. Plaintiffs Andre Bisasor and Natalie Anderson, proceeding pro se, respectfully move this Court, on an emergency basis, to extend the time to file a motion for reconsideration of or an objection to the magistrate judge's 4-8-25 report and recommendation.

2. NB: This is filed as an emergency because the deadline expires on 4-22-25, which is in a few days from today (3 business days), and the plaintiffs need to hear back from the court in advance of the deadline.

3. In support of this motion, Plaintiffs state as follows:

**I. OVERVIEW**

4. On 4-8-25 (3 days before the service of process deadline of 4-11-25), the magistrate judge issued a report and recommendation ("R&R"), recommending that the complaint be dismissed for lack of jurisdiction, unless the plaintiffs amend the complaint to come within the jurisdiction of the court.

5. Evidently, the timeline for the plaintiffs to file a motion for reconsideration of or an objection to the magistrate judge's report and recommendation is within 14 days of the magistrate judge's order. The order was issued on 4-8-25 therefore the timeline to file a motion for reconsideration of or an objection to the order is ostensibly 4-22-25.

6. At the time that the order was issued, the plaintiffs were travelling out of state to undergo a special surgical procedure with post-surgery recovery period going into this week. The plaintiffs have documentation to support this, which can be provided to the court under seal, if needs be.

7. The plaintiffs are not able to complete a careful review of the magistrate's R&R order and prepare a motion for reconsideration or an objection within the current timeframe. Thus, an extension of time is requested.

8. Furthermore, the magistrate judge previously told the plaintiffs that they would have a chance to amend the complaint, along with or as part of any objection to an order recommending dismissal of the complaint for want of jurisdiction, if in fact such an order would be issued.

9. Now that such an order has been issued, the plaintiffs need time to file a motion for reconsideration or an objection, but to also include an amended complaint to address jurisdiction.

## II. FURTHER GROUNDS FOR EXTENSION

10. On 2-4-25, the magistrate judge issued the following order:

    ORDER ON AMENDED MOTION TO EXTEND TIME TO AMEND COMPLAINT
    On January 8, 2025, Plaintiffs moved to extend the time to serve the complaint and summons on each of the defendants. (Motion, ECF No. 16.) In their motion, Plaintiffs expressed their intention to amend their complaint. The Court granted the motion, extending the deadline to April 11, 2025, in part to permit Plaintiffs the opportunity to file the amended complaint before the Court determined whether Plaintiffs have alleged a claim within the Court's jurisdiction. (Order, ECF No. 18.) That is, the Court noted that the Court would review the anticipated amended complaint, if filed, or the original complaint, to determine if Plaintiffs have alleged an actionable claim within the Court's jurisdiction. See Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."); Evans v. Suter, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"). The Court set February 5, 2025, as the date by which Plaintiffs were to file the amended complaint. Plaintiffs now move to extend the deadline for the filing of the amended complaint. (Amended Motion to Extend Time, ECF No. 27.) In the motion, Plaintiffs assert that they intended to amend their complaint after service on the defendants. **The Court's order setting a deadline for the filing of the amended complaint was not intended to limit Plaintiffs' ability to amend their complaint in accordance with Federal Rule of Civil Procedure 15. Rather, the Court established the February 5, 2025, deadline for Plaintiffs to file their amended complaint if they wanted the Court to review the amended complaint, rather than their original complaint, when assessing whether they have alleged a claim within the Court's jurisdiction**. Given Plaintiffs' preference to amend the complaint after the defendants are served, the Court will review the existing complaint to determine whether Plaintiffs have alleged an actionable claim within the Court's subject matter jurisdiction. **Plaintiffs, therefore, are not required to file their amended complaint by February 5, 2025. Plaintiffs' request to amend the complaint, if filed, will be governed by Rule 15. Accordingly, the Court dismisses as moot Plaintiffs' amended motion to extend the time to file an amended complaint.**

11. On 3-6-25, the magistrate judge then issued the following order, in relevant part:

    …On January 8, 2025, Plaintiffs asked the Court to extend the time to serve the complaint and summons upon the defendants. (Motion to Extend, ECF No. 16.) I granted the motion, extending the deadline to April 11, 2025. Because Plaintiffs expressed in their motion their intention to amend their complaint and because the Court intended to review the complaint to determine whether the Court had jurisdiction over the matter, I established a deadline for the amendment. (Order, ECF No. 18.) Plaintiffs subsequently filed a motion to extend the deadline as they intended to amend their complaint after service of the defendants. I dismissed the motion as moot, explaining that the deadline was established only to the extent Plaintiffs wanted the Court to consider the amendment when assessing the jurisdictional issue. Otherwise, there is no deadline for the filing of an amended complaint. The Court noted that any request to amend the complaint would be governed by Federal Rule of Civil Procedure 15. Plaintiff has filed another request to extend the time or, alternatively, for reconsideration of the order dismissing the motion to extend the deadline. Plaintiffs also ask the Court a series of questions in their motion for clarification and assert they do not consent to proceed before the magistrate judge. (Notices, ECF Nos. 35, 36.) Finally, in their motion for accommodation, Plaintiffs ask for an accommodation in the form of an extension of time to file an amended complaint, for leave to file confidential information under seal, and for a stay of the Court's review of any jurisdictional issues that their complaint might generate.

    DISCUSSION
    ….
    A. Timing of Review of Jurisdiction Issues
    …the Court cannot authorize service if the Court lacks jurisdiction over the matter. As the Court noted in its order on Plaintiffs' motion for a temporary restraining order, because Plaintiffs' complaint seeks relief related to

2

ongoing state court matters, the complaint raises a jurisdictional issue that the Court must assess. (See Order at 3, ECF No. 22 ("The Plaintiffs have also not addressed the doctrines that require federal courts to stay out of state court cases.")).

….

C. Role of the Magistrate Judge

…In accordance with 28 U.S.C. § 636, a district judge may refer this preliminary review to a magistrate. **A party may file an objection to a recommended decision. Fed.R.Civ.P. 72(b). If a plaintiff can allege facts that address the deficiencies the magistrate judge identifies in the recommended decision, the plaintiff is typically allowed the opportunity to seek to amend the complaint. Consistent with the process outlined herein, if I conclude that Plaintiffs' complaint is within the Court's jurisdiction, service would be authorized. If I were to conclude that the Court lacks subject matter jurisdiction over the Plaintiffs' claims, I would recommend the Court dismiss the matter unless Plaintiffs amend the complaint within the objection period to assert a claim within the Court's jurisdiction. Plaintiffs, therefore, would have an opportunity to address any jurisdictional issues identified by the Court before the matter would be dismissed.**

D. Request for Accommodation

…**Accepting for purposes of the pending motions that Plaintiffs have a disability, because the deadline to amend the complaint was for a limited purpose, and because Plaintiffs can seek to amend the complaint as discussed above, to the extent Plaintiffs seek to extend the deadline and defer the Court's review of the jurisdiction issue until after service upon the defendants, an extension of time is not warranted**.1

> 1 **The process by which the Court will assess the jurisdictional issue (1) allows Plaintiffs to avoid the need to file an amended complaint to address the jurisdictional issues if the Court were to conclude that Plaintiffs have stated a claim within the Court's jurisdiction and (2) permits Plaintiffs to address in an amended complaint the jurisdictional concerns that are identified if in a recommended decision, I conclude that the Court lacks jurisdiction over Plaintiffs' claim as alleged. The Court will also consider any amendment that Plaintiffs file while the Court is assessing the jurisdictional issue.**

CONCLUSION

Based on the foregoing analysis,

1. I deny Plaintiffs' motion for accommodation.

2. I deny the motion for an extension of time, including Plaintiffs' alternative request for reconsideration. **Plaintiffs, however, may seek an amendment consistent with the governing rules and this order.**

3. If Plaintiffs wish to file materials under seal, Plaintiffs may file a motion to seal in accordance with District of New Hampshire Local Rule 83.12.

4. Because I have addressed some of the issues raised in Plaintiffs' motion for clarification, I grant the motion in part.

12. On 4-8-25, the magistrate judge last issued the following order, in relevant part:

> CONCLUSION
> Based on the foregoing analysis, **unless Plaintiffs file an amended complaint to allege a claim within the Court's subject matter jurisdiction, I recommend the Court dismiss the Plaintiffs' complaint.**
> NOTICE
> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, **within fourteen (14) days of being served with a copy thereof.** Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order

13. In light of the above, Plaintiffs need additional time to file the objection and the attendant amended complaint.

14. The complexity of this case, involving multiple defendants and intricate legal issues spanning federal disability law, constitutional rights, and state court procedures, requires careful consideration and thorough research to ensure our amended complaint adequately presents our claims.

15. We also need to seek clarification on and/or reconsideration of the R&R. This clarification is essential to aid in providing a proper motion for reconsideration, or a proper objection and proper amended complaint.

16. For example, regarding clarification, the plaintiffs need to file a motion for clarification seeking to understand why the magistrate judge did not address the other claims of the plaintiffs that are not based on state court proceedings and that evidently are within the jurisdiction of the federal court. This includes claims against non-judicial defendants, who are not judicial entities, including the New Hampshire Attorney General's Office, Karen Gorham (in her individual capacity), and Tyler Technologies, Inc. (a private corporation), among others. The jurisdictional issues, such as those thar may be implicated by Rooker-Feldman doctrine, do not apply with equal force to all defendants, particularly private entities like Tyler Technologies. This also includes claims not challenging state court judgments or not seeking to overturn state court judgments but instead challenge independent actions.

17. The R&R's failure to differentiate between claims that may implicate Rooker-Feldman and those that do not, leaves Plaintiff without guidance on which aspects of the complaint might survive jurisdictional scrutiny and which require amendment. Furthermore, the R&R appears to apply Rooker-Feldman to bar all claims without the nuanced analysis required by Supreme Court precedent. The complaint alleges multiple injuries caused by the various defendants' conduct, separate from state court judgments themselves. These claims allege independent violations of federal law that fall outside Rooker-Feldman's scope, yet the R&R did not analyze these distinctions. Moreover, the R&R does not consider potential exceptions to Rooker-Feldman that could preserve jurisdiction over some claims such as the plaintiffs ADA claims. In fact, the magistrate judge did not appear to consider, and certainly did not address, the plaintiffs ADA claims at all, many of which do not seek to overturn any judgment of a state court, and whereupon the ADA provides direct jurisdiction of federal courts over state courts, under Tennessee v Lane, among other established Supreme Court and First Circuit precedent. These are just some examples. Please note that this is simply a quick

preview but is not intended to be itself the motion for clarification. It is only intended to give an idea of the legitimacy and importance of seeking and obtaining clarification of some items pertaining to the R&R, in order to proceed with reconsideration, or objection and/or an amended complaint. A proper motion for clarification is necessary after proper review of the R&R and after careful consideration of the implications of the R&R, and the plaintiffs need appropriate time to do that, and then to follow-up after any attendant order, to then seek reconsideration or objection or amendment.

18. Similarly, Plaintiffs are thus puzzled how a 78 page complaint could generate only a short 5-page ruling that addresses only a small portion of the claims, in a most general way. In fact, the magistrate judge in a prior ruling (on 3-6-25[1]) suggested that a benefit of having the magistrate judge provide a jurisdictional review prior to any amendment of the complaint, would be that the magistrate order would indicate the areas that need to be addressed by the plaintiffs in an amended complaint, in order to overcome jurisdictional issues, if any. No such indications have ostensibly been provided, and the plaintiffs are essentially, at the same place they were at when they first sought extension of the time to serve process and/or to amend the complaint. Plaintiffs need additional time to review the R&R order and to prepare this motion for clarification and/or motion for reconsideration.

19. This current time also doesn't allow adequate time to properly assess the R&R, or to incorporate its implications into an amended complaint.

20. Ultimately, the amendment of the complaint is critical to our case and is essential for clarifying our claims. Given the complexity of the issues involved and the length of the original complaint, amending our 78-page complaint is not a simple task. [NB: This point was underscored by Judge Toressen when she indicated the difficulty in reading, digesting, and analyzing over 100 single-space pages in a short period of time.].

21. This requires careful consideration of the numerous factual and legal issues, as well as incorporating updates and amendments that have arisen since the original filing.

---

[1] See footnote 1: "The process by which the Court will assess the jurisdictional issue (1) allows Plaintiffs to avoid the need to file an amended complaint to address the jurisdictional issues if the Court were to conclude that Plaintiffs have stated a claim within the Court's jurisdiction and (2) permits Plaintiffs to address in an amended complaint the jurisdictional concerns that are identified if in a recommended decision, I conclude that the Court lacks jurisdiction over Plaintiffs' claim as alleged. The Court will also consider any amendment that Plaintiffs file while the Court is assessing the jurisdictional issue."

22. As pro se litigants, we face significant challenges in preparing and amending such a complex legal document. Unlike attorneys, we don't have the benefit of a law office, legal assistants, or paralegals to assist us in this process. We must balance our efforts to pursue this case with our need to earn a living, attend to our health needs, and manage our daily responsibilities. The burden on pro se plaintiffs in federal litigation is already demanding enough, much less for those with ADA issues.

23. Ostensibly, the amended complaint will also need to include confidential ADA issues regarding the underlying complaint matters, which need to be filed under seal conventionally with the court.

24. This brings us to another point. As indicated in our previous filings, we are also currently dealing with ADA issues that require some accommodation under the ADA in this court. The magistrate judge has already accepted the representation that we have a disability as per the 3-6-25 order.

25. The magistrate judge took over 2.5 months to review the complaint from 2-4-25. A lot of time was evidently needed by the magistrate judge to review the complaint. Likewise, it is not unreasonable for the plaintiffs to assert that adequate time is needed by us to address/resolve these issues via reconsideration, objection, and an amended complaint.

### III. CONCLUSION

26. In light of the above, we respectfully request that the Court extend the time to file an objection or reconsideration of the magistrate judge's report and recommendation.

27. Therefore, we respectfully request that the Court grant an extension of time of 30 days until May 22, 2025.

28. We respectfully submit that there is good cause for granting this extension as noted above including the issues pertaining to the recent medical procedure, as well as the other points listed.

29. Furthermore, as pro se litigants, it's our understanding that we are entitled to some degree of leniency in procedural matters. The Supreme Court has held that pro se pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers" (Haines v. Kerner, 404 U.S. 519, 520 (1972)). Granting this extension would be consistent with that principle and would ensure that we have a fair opportunity to present our case.

30. WHEREFORE, Plaintiffs respectfully request that this Court:

A. Grant an extension of the current deadline to file an objection to the report and recommendation of 30 days until May 22, 2025. This includes time to prepare and file a motion for clarification, then to hear back from the court on that, and then to prepare and file a motion for reconsideration, prior to preparing and filing an objection with an amended complaint.

C. Provide an order on this motion before the current deadline expires on 4-22-25; and

D. Grant any other relief this Court deems just and proper under the circumstances.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se

/s/ Natalie Anderson
Natalie Anderson, Pro Se

Dated: April 17, 2025