UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |  |
|---|---|---|
| ANDRE C. BISASOR, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:24-cv-00360-NT-JCN |
| | ) | |
| NEW HAMPSHIRE JUDICIAL BRANCH, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR CLARIFICATION**

Plaintiffs named fourteen individual and institutional defendants in their seventy-eight-page complaint based on the New Hampshire Supreme Court's denial of requests for extensions of time to file appellate briefs in two civil cases. (Complaint, ECF No. 1.) Plaintiffs allege that Defendants' actions violated Plaintiffs' rights under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution.

Upon review of the Plaintiffs' complaint, I recommended that unless Plaintiff amended their complaint within the time to file an objection to assert a claim within the Court's subject matter jurisdiction, the Court dismiss the matter for lack of subject matter jurisdiction. I concluded that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine[1] because Plaintiffs' claimed damages were allegedly caused by unfavorable state

---

[1] *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Lance v. Dennis*, 546 U.S. 459, 460 (2006).

court orders, and the relief Plaintiffs sought would require this Court to overturn, reverse, or (explicitly or implicitly) declare invalid the state court orders, including the orders directing how Plaintiffs' state court civil actions would proceed, imposing filing restrictions, and dismissing their state court civil actions. (Recommended Decision, ECF No. 38.) After seeking an extension of the time to file a motion for reconsideration or an objection to the recommended decision, (Motion, ECF No. 39), which motion the Court granted, Plaintiffs filed a motion to clarify the recommended decision. (Motion, ECF No. 40.)

As grounds for their motion for clarification, Plaintiffs argue that (1) the recommended decision failed to identify the defects with Plaintiffs' complaint with sufficient specificity, including by identifying for Plaintiffs the allegations that they must include in an amended complaint to establish jurisdiction, (2) the *Rooker-Feldman* doctrine does not apply to a subset of their claims against some of the named defendants, and (3) there are applicable exceptions to the *Rooker-Feldman* doctrine.

The recommended decision is not ambiguous as to the jurisdictional deficiency. Upon review of Plaintiffs' complaint, I concluded that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine for the reasons explained in the recommended decision—that to grant Plaintiffs the relief they seek, this Court would have to overturn or declare invalid state court orders, which action would violate the *Rooker-Feldman* doctrine. The recommended decision sufficiently notified Plaintiffs of the jurisdictional issue. In fact, while Plaintiffs apparently disagree with my assessment, Plaintiffs' motion reflects that Plaintiffs understand the basis of the recommended decision. Clarification, therefore, is

not necessary. To the extent Plaintiffs believe the Court is required to counsel Plaintiffs specifically as to how they can successfully address the jurisdictional deficiency, a court cannot "act as counsel for a party or to rewrite deficient pleadings," even if a party is proceeding pro se. *See Marchuk v. Long*, No. CV 24-11129-WGY, 2024 WL 4648114, at *2 (D. Mass. Sept. 27, 2024).

Plaintiffs' arguments regarding the applicability of the *Rooker-Feldman* doctrine also do not warrant clarification. Rather, Plaintiffs' arguments are appropriately raised in any objection they might want to file in response to the recommended decision. The objection process permits a party to challenge the findings and conclusion in a recommended decision. Plaintiffs evidently believe that the *Rooker-Feldman* doctrine does not bar their claims in federal court. Plaintiffs can assert their position regarding the applicability of the *Rooker-Feldman* doctrine in an objection to the recommended decision. If an objection is filed, the district judge will consider de novo whether Plaintiffs can proceed on some or all their claims or whether the claims are subject to dismissal for the reasons set forth in the recommended decision or any other reasons the district judge might identify.

While the motion for clarification was pending, Plaintiffs requested another extension of the time to file an objection to the recommended decision. I granted the request and stated that the Court would set a new objection deadline upon ruling on Plaintiffs' motion for clarification.

Given the length of time Plaintiffs have had to assess the recommended decision (the recommended decision has been pending for more than ten weeks) and given that

Plaintiffs' motion for clarification appears to include at least some of the substantive arguments that Plaintiffs would include in any objection they might file, I believe a three-week extension is reasonable.

Based on the foregoing analysis, I deny Plaintiffs' motion for clarification. I extend the deadline to file an objection to the recommended decision to July 15, 2025.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of June, 2025.