UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

[via transfer designation to UNITED STATES DISTRICT COURT- DISTRICT OF MAINE]

CIVIL ACTION NO: 1:24-cv-00360

ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

## PLAINTIFFS' EMERGENCY MOTION FOR PROCEDURAL CLARIFICATION REGARDING DEADLINES AND/OR PROCEDURAL REQUIREMENTS PURSUANT TO THE COURT'S 6-24-25 ORDER

1. Plaintiffs respectfully move this Court for procedural clarification regarding the effect of filing a Motion for Reconsideration of the Court's June 24, 2025 Order on Plaintiffs' Motion for Clarification, on the existing deadline(s) to file objections to the Magistrate's April 8, 2025 Report and Recommendation ("R&R"), or on the implied or existing deadlines to file a motion to reconsider the R&R, and, as well, on the filing of any attendant amended complaint, as further outlined below.

## I. INTRODUCTION

2. This motion for clarification is necessary to avoid procedural missteps that could prejudice Plaintiffs' substantial rights and to ensure compliance with all applicable deadlines and procedural requirements. This motion is solely concerning pure procedural questions and does not involve anything substantive.
3. Note: The plaintiff intends to file a Motion for Reconsideration of the Court's June 24, 2025 Order on Plaintiffs' Motion for Clarification, by tomorrow (8-27-25), prior to the 8-29-25 deadline. The plaintiff asks for an expedited ruling in advance of the 8-29-25 deadline.
4. The Plaintiffs understand that the filing of their Motion for Reconsideration of the Court's June 24, 2025 Order on Plaintiffs' Motion for Clarification, will affect or alter the timelines for any motion to reconsider the R&R or to object to the R&R. Similarly, if the plaintiffs file an objection to the reconsideration of the motion to clarify the R&R, the plaintiffs understand that no other deadline will come into effect, until after the decision on the motion to reconsider the motion to clarify the R&R. Plaintiff need to confirm that their understanding of the above is correct.
5. Further, if a motion to reconsider the R&R is filed, then plaintiffs understand that the deadline to file an objection to the R&R will automatically be tolled until after 14 days after the decision on the motion to reconsider the R&R. Is this correct?
6. Similarly, in order to file a motion to reconsider the R&R, the plaintiffs would need a decision on the motion to reconsider the motion to clarify the R&R. Hence, logically, once the motion to reconsider the motion to clarify the R&R is filed, then the deadline to file a motion to reconsider the R&R would be tolled until 14 days after the decision on the motion to reconsider the motion to clarify the R&R. Is this, too, correct?
7. In addition, one critical issue for the plaintiffs is need to ensure that they can file an amended complaint, after all clarifications and reconsiderations are sought and decided. Plaintiffs do not want to inadvertently forfeit their right to file an amended complaint, because of confusion or misunderstanding regarding the interplay of the applicable timelines that are unclear to the plaintiffs or that may be inherently implied but not explicitly stated in the court's orders.
8. However, all of this interplay can become confusing, especially to the plaintiffs as pro se parties. Given the chance that the plaintiffs' math and understanding could be mistaken, the plaintiffs now seek procedural clarification on the interplay of these timelines, in this motion, as follows.

## II. FACTUAL AND PROCEDURAL BACKGROUND

9. On April 8, 2025, Magistrate Judge Nivison issued a Report and Recommendation recommending dismissal of Plaintiffs' complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, unless Plaintiffs file an amended complaint within the Court's jurisdiction. On May 14, 2025, Plaintiffs filed a Motion for Clarification of the Report and Recommendation, seeking guidance on specific procedural and substantive matters necessary to respond effectively through objection or amendment.
10. On June 24, 2025, the Court denied Plaintiffs' Motion for Clarification, concluding that clarification was unnecessary and that Plaintiffs' jurisdictional arguments should be raised in objections to the Report and

Recommendation. The Court set a new deadline of July 15, 2025 for filing objections to the recommended decision.

11. Subsequently, on July 11, 2025, the Court granted Plaintiffs' motion for extension of time, extending the deadline for filing objections to the recommended decision to August 29, 2025. The Court's Order specifically states that "The Court extends the deadlines for Plaintiffs to file objections to the recommended decision and to file an objection to or a motion to reconsider the Court's order on Plaintiffs' motion to clarify to August 29, 2025."

### III. THE NEED FOR PROCEDURAL CLARIFICATION

12. Plaintiffs now seek procedural clarification on whether filing a Motion for Reconsideration of the Court's June 24, 2025 Order on the Motion for Clarification will affect or alter the August 29, 2025 deadline to file objections to the Magistrate's Report and Recommendation and any amended complaint. This clarification is essential for several reasons.

13. First, the procedural relationship between a motion for reconsideration of the clarification order and the objection deadline to the underlying Report and Recommendation is unclear from the existing orders. While the July 11 Order establishes August 29, 2025 as the deadline for both types of filings, it does not address whether filing a motion for reconsideration might stay, toll, or otherwise affect the objection deadline for the R&R (although this may be implied), or create additional procedural requirements.

14. Second, Plaintiffs need to understand whether the Court expects simultaneous filing of the motion for reconsideration and objections to the Report and Recommendation, or whether the motion for reconsideration should be resolved before objections are filed. The Court's prior orders suggested that clarification would inform the objection process, but the denial of clarification creates uncertainty about how to proceed with both the reconsideration motion and objections in the most efficient manner.

15. Third, if Plaintiffs file a motion for reconsideration that is granted (even if only in part), the resulting clarification might significantly inform the content and structure of objections to the Report and Recommendation and any amended complaint. Conversely, if the motion for reconsideration is denied, Plaintiffs would proceed with objections based on their current understanding of the jurisdictional issues. This procedural sequence could affect the substance and timing of all subsequent filings.

16. Fourth, Plaintiffs seek to understand whether filing a motion for reconsideration creates any additional briefing requirements, or other procedural obligations that might affect the overall timeline for addressing the Report and Recommendation. The interaction between these parallel procedural tracks is not clear from existing case law or local rules.

17. Fifth, the plaintiffs need to understand how to preserve the right to amend the complaint, separately, from all of the above timelines or requirements.

### IV. CONCLUSION

18. The procedural interaction between Plaintiffs' contemplated Motion for Reconsideration of the June 24, 2025 Order and the existing deadline for objections to the Magistrate's Report and Recommendation creates legitimate uncertainty that warrants clarification. Clear guidance on these procedural matters will promote judicial efficiency, prevent potential prejudice to Plaintiffs' substantial rights, and ensure that all proceedings can be conducted in an orderly and appropriate manner.

19. The interaction between motions for reconsideration and objection deadlines involves complex timing issues that are not clearly addressed by applicable rules or existing orders in this case. The rules do not specifically address how these procedures interact when both are pending simultaneously.

20. Moreover, the Court's prior orders established a procedural framework that contemplated clarification informing subsequent objections and amendments. The July 11 Order's extension of deadlines for both proceedings to the same date creates the potential for procedural confusion that clarification could resolve.

21. Plaintiffs do not seek substantive legal advice or assistance in drafting their motions, but rather seek clarification of procedural requirements and deadlines established by the Court's own orders. This type of clarification is necessary to ensure fair procedural treatment, and ensure clarity of the court's orders when ambiguities affect parties' procedural rights. The need for clarification is particularly acute when multiple parallel issues with overlapping deadlines create uncertainty about proper procedural sequence. Federal courts

have consistently recognized that clear procedural guidance prevents prejudice to substantial rights and promotes judicial efficiency.
22. Pro se litigants are entitled to clear guidance on procedural requirements, particularly when complex timing issues could result in waiver of substantial rights. The Supreme Court has emphasized that while pro se litigants must comply with procedural requirements, they should receive fair notice of applicable deadlines and procedures.

## V. REQUEST FOR CLARIFICATION

23. Plaintiffs respectfully request that the Court clarify the following specific procedural matters:
    a. Whether filing a Motion for Reconsideration of the June 24, 2025 Order will stay, toll, or otherwise affect the August 29, 2025 deadline to file motion to reconsider the R&R and/or to file objections to the R&R, and, as well, any amended complaint.
    b. Whether the Court expects Plaintiffs to file the motion for reconsideration and objections to the R&R simultaneously by August 29, 2025, or whether one should be filed and resolved before the other is filed.
    c. Whether the Court would extend the August 29, 2025 deadline to object to the R&R, if a motion for reconsideration the motion to clarify the R&R or a motion to reconsider the R&R, is filed and remains pending, to allow any clarification resulting from the reconsideration to inform the objections and any attendant amended complaint.
    d. Whether filing a motion for reconsideration the motion to clarify the R&R or a motion to reconsider the R&R itself, creates any additional procedural requirements or deadlines that Plaintiffs should be aware of in planning their response to the R&R.
    e. Whether the Court would resolve the motions for reconsideration before considering objections to the R&R, given that the clarification sought could materially affect the content and scope of such objections.
    f. Whether the amended complaint is due when the objection to the R&R is filed or when the motion to reconsider the R&R is filed; or whether the amended complaint can be separately filed after these are resolved.
    g. Whether the right to amend complaint can be preserved until after the above procedural issues are resolved.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/ Natalie Anderson
Natalie Anderson

Dated: August 26, 2025