UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE C. BISASOR, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 1:24-cv-00360-NT-JCN |
| | ) |
| NEW HAMPSHIRE JUDICIAL BRANCH, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFFS' PENDING MOTIONS**

On October 15, 2024, Plaintiffs filed a complaint seeking relief under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution based on the New Hampshire Supreme Court's denial of their requests to extend the time to file appellate briefs in two civil cases. On January 27, 2025, Plaintiffs filed an emergency motion to stay and for a temporary restraining order, which motion the Court denied on the same day. (Motions, ECF No. 20; Order, ECF No. 22.) On January 28, 2025, Plaintiff filed an emergency motion for reconsideration, which the Court denied on the same day. (Motion, ECF No. 23; Order, ECF No. 24.)

Subsequently, Plaintiffs filed multiple procedural letters and motions, including seven motions that Plaintiffs entitled emergency motions. (Emergency Motions, ECF Nos. 32, 33, 34, 39, 40, 41, 43.)[1] Several of the emergency motions involved Plaintiffs seeking

---

[1] In another instance, Plaintiffs requested an "expedited ruling" on a motion to extend a deadline. (Motion, ECF No. 26.)

more time to file an objection to an April 8, 2025, recommendation that the Court dismiss the matter. (Recommended Decision, ECF No. 38.)

On July 11, 2025, in response to Plaintiffs' emergency motion to extend the time to file a motion for reconsideration and/or an objection to an order on Plaintiffs' motion for clarification, the Court extended "the deadlines for Plaintiffs to file objections to the recommended decision and to file an objection to or a motion to reconsider the Court's order on Plaintiffs' motion to clarify to August 29, 2025." (Order, ECF No. 46.) On August 26, 2025, three days before the deadline, Plaintiffs filed an emergency motion for procedural clarification regarding court deadlines. (Motion, ECF No. 47.) Plaintiffs contend that clarification is needed in part because of the interrelationship of certain orders and potential filings by Plaintiffs. On August 29, 2025, Plaintiffs filed a motion for reconsideration and an emergency motion to extend the time to file an objection to the recommended decision.

## DISCUSSION

**A.    Plaintiffs' Filing of Emergency Motions**

Plaintiffs have now filed at least twelve "emergency" motions. A party's characterization of a motion as an emergency does not automatically entitle the party to priority on the court's docket. The docket includes many other matters that require the Court's attention, including some that require immediate action. When a party describes a filing as requiring immediate attention, court personnel often must interrupt other work to review the filing and, if necessary, address the matter immediately.

Here, as with some of Plaintiffs' prior motions, the alleged urgency of Plaintiffs' motion to clarify is the product of Plaintiffs seeking relief just before the expiration of a deadline. Plaintiffs' filing on August 26 of a motion to clarify related to an August 29 deadline established by the Court on July 11 does not, in the Court's view, constitute an "emergency" requiring the Court's immediate attention.

Court resources are limited and the interruption of the Court's other work to review a filing that was unreasonably or inappropriately labeled as an emergency impacts the Court's ability to deliver justice effectively and efficiently to all litigants. While the Court understands the challenges that self-represented individuals confront, the Court trusts that having been advised of the Court's concern, in the future, Plaintiffs will carefully consider whether a filing can reasonably be viewed as presenting an emergency before characterizing it as such.

**B.     Motion for Clarification**

In Plaintiffs' motion for clarification, Plaintiffs seek guidance related to and suggest that some uncertainty exists regarding the Court's order establishing August 29, 2025, as the deadline for Plaintiffs to file a motion for reconsideration on the motion to clarify and to file an objection to the Recommended Decision. The order establishing the August 29, 2025, deadline is straight forward and does not require clarification. If Plaintiffs wanted to file an objection to the recommended decision, Plaintiffs were required to do so by August 29, 2025. If Plaintiffs wanted to file an objection to or a motion for reconsideration of the Court's order on the motion to clarify, Plaintiffs were required to do so by August 29, 2025.

In the motion, Plaintiffs ask the Court to advise them on several issues, including the effect of their filing of a motion for reconsideration on the August 29 deadline, whether the Court would extend the August 29 deadline depending on the motions that Plaintiffs might file, the sequence in which the Court would resolve certain motions if filed by Plaintiffs, whether the filing of certain motions generates other requirements or deadlines for Plaintiffs, and the impact of the motion practice on Plaintiffs' ability to amend their complaint. Given the nature of the relief requested, the motion can reasonably be viewed to seek legal advice or an advisory ruling. As the Court previously informed Plaintiffs, the "Court cannot provide legal advice to litigants." *Glidden v. Franklin Cty. Probate/Family Court*, No. 10-cv-350-SM, 2010 WL 4916573, at *3 (D.N.H. Nov. 3, 2010). In addition, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1969) (internal citation and quotation marks omitted). I discern no legal or factual basis for Plaintiffs' requested clarification.

**C.     Motion for Reconsideration**

Plaintiffs ask that I reconsider my order on Plaintiffs' motion to clarify the Recommended Decision. (Order, ECF No. 42.) In *Gallagher v. Funeral Source One Supply and Equipment Co., Inc.*, No. 14-cv-115-PB, 2016 WL 865223 (D.N.H. Mar. 2, 2016), the court explained the legal principles that govern a court's review of a motion for reconsideration:

> Reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg*, 465 F.3d 24, 30 (1st Cir. 2006). Reconsideration is "appropriate only in a limited number of circumstances: if the moving party

4

> presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009); see L.R. 7.2(d). Accordingly, a party cannot use a motion for reconsideration "to undo its own procedural failures" or to "advance arguments that could and should have been presented" earlier. *Id*. A motion for reconsideration is not "a mechanism to regurgitate old arguments previously considered and rejected." *Bitcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (internal punctuation omitted).

2016 WL 865223, *1.

Here, Plaintiffs reiterate the arguments that they made in the motion to clarify. For instance, they contend clarification is necessary because the Court misapplied the *Rooker-Feldman* doctrine in the Recommended Decision. Plaintiffs, however, have not demonstrated that the order on the motion to clarify was based on a manifest error of law. As I explained in the order, Plaintiffs' contention that the doctrine does not bar their claims is an argument that they can raise in an objection to the Recommended Decision. Similarly, if Plaintiffs believe that the Recommended Decision did not adequately address their claims, Plaintiffs can assert that argument in an objection.

Plaintiffs also argue that the order on the motion to clarify is inconsistent with the Court's obligation to self-represented litigants. Contrary to Plaintiffs' argument, the docket reflects that throughout the proceeding, the Court has attempted to provide reasonable procedural guidance without inappropriately providing legal advice or offering advisory opinions. The order on the motion to clarify is consistent with that effort. Plaintiffs have not demonstrated that reconsideration is warranted.

**D.    Motion to Extend Time to File Objection to Recommended Decision**

The Recommended Decision was issued on April 8, 2025. The Court has extended the deadline for objections on multiple occasions. Plaintiffs have had five months to file an objection to the Recommended Decision. By any objective measure, Plaintiffs have had sufficient time to seek review of the Recommended Decision. Nevertheless, I will extend the deadline for Plaintiffs to file an objection to the Recommended Decision a final time. If Plaintiffs intend to file an objection to the Recommended Decision, Plaintiffs must file the objection on or before October 1, 2025.

### CONCLUSION

For the reasons stated above, I deny Plaintiffs' motion for clarification, deny Plaintiffs' motion for reconsideration, and grant Plaintiffs' motion to extend the deadline to file an objection to the Recommended Decision. The deadline for Plaintiffs to file an objection to the Recommended Decision is extended to October 1, 2025.

### **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 10th day of September, 2025.