UNITED STATES-DISTRICT OF NEW HAMPSHIRE [via transfer DISTRICT OF MAINE]
CIVIL ACTION NO: 1:24-cv-00360
ANDRE BISASOR, et. al. v. NEW HAMPSHIRE JUDICIAL BRANCH, et. al

## PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

1. COMES NOW, Plaintiffs, in the above-captioned case, and voluntarily dismisses the above-referenced action, without prejudice and in its entirety, with each party to bear his or her own costs, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) ("Rule 41(a)(1)(A)"). This is not a motion but simply a statement/notice of voluntary dismissal.

2. No defendant has entered an appearance, nor has any defendant served an answer or moved for summary judgment. Also, no final judgment has been entered in this case.[1]

3. Under Rule 41(a)(1)(B), such dismissal is without prejudice. The plaintiff has not filed any prior notice of voluntary dismissal in any court, whether state or federal, previously to this. Therefore, the two-voluntary-dismissal rule has not been triggered to create prejudice.

4. Fed. R. Civ. P. 41 (a)(1)(A)(i) provides that under these circumstances, a plaintiff may voluntarily dismiss his or her case without leave of court. A voluntary dismissal under this subsection is without prejudice, unless the notice states otherwise. Fed. R. Civ. P. 41 (a)(1)(B). This notice explicitly states that it is without prejudice.

5. A plaintiff has an absolute right to voluntarily dismiss a case without prejudice, prior to service of an answer or motion for summary judgment, and can do so simply upon the filing of the notice of voluntary dismissal.

6. The notice of voluntary dismissal is effective upon filing and the clerk is required to immediately close the case without further notice or without further orders from the court. The notice of voluntary dismissal deprives the court of jurisdiction and the court lacks jurisdiction to entertain further actions after the filing of the notice of voluntary dismissal, as to do so would be a violation of law.

7. This does not constitute an adjudication on the merits and is not a final judgment of the court, but is a voluntary dismissal as by right under the law without prejudice.

8. In filing this notice of voluntary dismissal without prejudice, the plaintiffs preserves all rights afforded by law including but not limited to re-filing the case as appropriate.

---

[1] NB: Although there has been a report and recommendation of a magistrate on the issue of subject matter jurisdiction, it is not a final judgment. Moreover, even if it were a final judgment (which it is not), it would be without prejudice because it would not be an adjudication on the merits.

9. All rights are reserved and preserved without qualification.[2]

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/ Natalie Anderson
Natalie Anderson

October 1, 2025

---

[2] Although an explanation of the reasons for filing a notice of voluntary dismissal is not required under the rules, it should be noted parenthetically, as a matter of courtesy to the court, that a confluence of factors have contributed to the filing of this notice of voluntary dismissal including, but not limited to, not having enough time or ability to file both a proper amended complaint and an objection to the magistrate's report and recommendation ("R&R"), at the same time (which are both due today on 10-1-25). Plaintiffs have inquired about the separation of these two documents but there has no response from the court about this. Further, the district court judge, in he most recent ruling, has now taken away the ability of the plaintiffs to file a motion to reconsider the magistrate's R&R, without prior notice, even though the plaintiffs sought to preserve this right in prior motions including those seeking extension or clarification. Further, the magistrate judge and the district court judge's refusal to clarify the subject matter jurisdiction issues including addressing the difference between claims that do not involve state court final judgments versus those that do, has left the plaintiffs in a quandary and state of confusion/lack of clarity, and raises concerns about the fairness of these proceedings and intent of the court. Also, the tone of the district court judge's ruling on the objection to motion to clarify appears terse and abrupt, if not acerbic, with signs of exasperation, which is unbecoming/concerning as to whether there is some kind of problem with judicial bias of some sort (plaintiffs cannot see or imagine the judge talking to a respected lawyer or represented party in such a way). In addition, there are certain confidential ADA issues that are also a factor but which plaintiffs cannot go into detail here, as that would create complications due to confidentiality. Hence, rather than pursue a further extension of time in this case to file objection to the R&R and an amended complaint to overcome subject matter jurisdiction issues identified by the magistrate, plaintiffs received advice that it simply makes better sense to voluntarily dismiss this case, at this point in time, and re-file the case/complaint at a later time, after seeking/obtaining legal advice or assistance. There are also additional reasons but that space and time do not permit details of these at this juncture. NB: Also, there was an e-filing problem last night that prevented plaintiff from e-filing documents last night, but that is besides the point given this notice of voluntary dismissal, with further explanation appearing not to be necessary.